## JAMES R. BROWN

### v.

## GEORGE B. BURNETT.

1. PRACTICE—AMENDING PLEAS—ABANDONMENT OF PLEA.—Where a defendant without joining in issue upon his original plea to the jurisdiction, files an amended plea, and upon a demurrer being sustained, pleads to the merits, he will be held to have abandoned his first plea, and will not be allowed to introduce evidence upon the trial in support of it.

2. LIBEL—JUSTIFICATION.—A plea seeking to justify a publication charging professional misconduct as an attorney, where the facts alleged do not show that the plaintiff was acting in his professional capacity, is insufficient.

3. LIBEL—MATTER OF INDUCEMENT.—The ordinary meaning of language can not be enlarged by innuendo so as to constitute a libel, but the extraneous matter must be set out by sufficient averments in the colloquium or inducement, so that the court can see, when read in the light of the facts so averred, that it is susceptible of the meaning attributed to it in the innuendo.

4. MATTER OF INDUCEMENT TRAVERSABLE AND MUST BE PROVED.—When it becomes necessary to allege extraneous facts so as to make that appear to be libelous which otherwise would not be so, such allegations become traversable and are to be proved.

5. IMMATERIAL ISSUE.—Where there are no proper averments in a count

Brown v. Burnett.

in the declaration, and in consequence the charge is not libelous, a plea which attempted to justify the charge presents an immaterial issue.

6. MALICIOUS INTENT.—Where the language of the alleged libel is not actionable *per se*, the malicious intent is not to be drawn alone from the language itself, but from that in connection with the extraneous facts proved which makes it libelous.

7. EACH COUNT IN THE DECLARATION INDEPENDENT.—Each count in the declaration must stand upon the proof adduced to support it, and proof of one count can not be made to supply the want of proof of another. So, an instruction which makes the proof of one libel sufficient to authorize the jury to find defendant guilty as to all, is erroneous.

APPEAL from the Circuit Court of Christian county; the Hon. J. J. PHILLIPS, Judge, presiding. Opinion filed February 3, 1882.

Messrs. METCALF & BRADSHAW, and Mr. C. L. COOK, for appellant; that the plea to the jurisdiction was not waived by pleading over to the merits, cited Delahay v. Clement, 3 Scam. 201; Weld v. Hubbard, 11 Ill. 573.

The plea that appellant was wrongfully sued in another country is meritorious, and not strictly a plea in abatement: Safford v. Sangamo Ins. Co. 88 Ill. 296; Drake v. Drake, 83 Ill. 526; Humphrey v. Phillips, 57 Ill. 132; Midland R'y Co. v. McDermid, 91 Ill. 172.

A defendant is not amenable to process unless he is in, or voluntarily comes within the jurisdiction of the court: Wanzer v. Bright, 52 Ill. 35; Williams v. Bacon, 10 Wend. 636; Snelling v. Watrous, 2 Paige, 314; Carpenter v. Spooner, 2 Sandf. 717; Sleaver v. Robinson, 3 Duer, 622.

A party who procures the arrest and abduction of a person into another county, can not obtain civil process upon him in this manner: Blair v. Turtle, 2 Weekly Jur. 992; Nichols v. Goodspeed, 5 Bradwell, 547; Parker v. Hotchkiss, 1 Wall. Jr. 269; United States v. Bridgman, 12 Chicago Legal News, 133; Pierson v. Grier, 66 N. Y. 124; Williams v. Bacon, 10 Wend. 636; Townsend v. Smith, 1 Weekly Jur. 632; Steiger v. Bonn, 2 Weekly Jur. 589; United States v. Edme. 9 S. & R. 147; Goupil v. Simonson, 3 Abb. 474; Slomer v. The People, 25 Ill. 70; Williams v. Reed, 29 N. J. Law, 385; Dungan v. Miller, 37 N. J. Law, 182; Wanzer v. Bright, 52 Ill. 35.

Brown v. Burnett.

As to what conduct the Supreme Court would deem suffi-cient to justify striking an attorney's name from the rolls: The People v. Low, 54 Ill. 520; The People v. Barker, 56 Ill. 299; The People v. Allison, 68 Ill. 151.

Where a fact is averred in a declaration and not under a *videlicit*, it must be proved as averred: Kenney v. Greer, 13 Ill. 432; 1 Chitty's Pl. 317; 2 Bouv. Law Dic. 634.

Words not actionable *per se* can be made so only by state-ment of necessary facts, which must be averred and proved : Townshend on Libel and Slander, 192; Strader v. Snyder, 67 Ill. 404.

A declaration counting upon a libel of one in his official ca-pacity must aver special damage, and the same must be proved: Strauss v. Meyer, 48 Ill. 385; Selwyn's Nisi Prius, 1059; Townshend on Libel and Slander, 593.

The plaintiff is bound by the meaning he assigns in his in-uendo, and if he claims in his official relation, he can not recover in another: 1 Chitty's Pl. 408; Townshend on Libel and Slander, 534; Smith v. Casey, 3 Camp. 461; Mix v. Wood-ward, 12 Conn. 264; Edgerly v. Swain, 32 N. H. 479; Strader v. Snyder, 67 Ill. 404; Stowell v. Beagle, 57 Ill. 97.

Defendant should be allowed to show what his motives were : Rearick v. Wilcock, 81 Ill. 77; Storey v. Early, 86 Ill. 461.

Messrs. Palmers, Robinson & Shutt, Mr. Cyrus Happy, and Mr. F. W. Burnett, for appellee; that there was a waiver of the plea by answering over on demurrer, cited Wann v. Mc-Goon, 2 Scam. 74; Dickhut v. Durrell, 11 Ill. 72; Watkins v. Sands, 4 Bradwell, 407; Lindsay v. Stout, 59 Ill. 491.

Having pleaded to the merits, the defendant can not deny the jurisdiction of the court: Safford v. Sangamo Ins. Co. 88 Ill. 296; Midland R'y Co. v. McDermid, 91 Ill. 172; Humph-rey v. Phillip, 57 Ill. 132; Scott v. Waller, 65 Ill. 181; Tif-fany v. Spalding, 21 Ill. 492; Howe v. Thayer, 24 Ill. 246.

Language tending to injure one in his profession or official character, is actionable *per se*. Townshend on Libel and Slan-der, § 179; Starkie on Slander, 167.

McCulloch, J.   This was a suit by appellee against appel-lant, to recover damages for the publication of certain articles in a newspaper, of which appellant was the editor and propri-etor, said to contain libelous matter against appellee as an attorney-at-law, as attorney of the Wabash, St. Louis and Pa-cific Railroad Company, and as an individual.   We can not fully discuss all the questions raised by the several assign-ments of error without making the records of this court the vehicle either of perpetuating the calumnies contained in these articles, if calumnies they are, or of further publishing the dis-graceful conduct of an attorney-at-law, if they are true; neither of which we are inclined to do.   We shall therefore direct our attention only to such portions of the record as we deem neces-sary to an elucidation of the principles involved, leaving the parties to apply them to such other portions of the record as their respective counsel shall advise.

The newspaper in question was published in Madison county, where both the parties resided and did business, but this suit was commenced in Christian county where appellant was served with process.   Appellant interposed a plea to the jurisdiction, on the ground that appellee had falsely and fraudulently made a complaint against him in Christian county, for publishing a libel, and had fraudulently caused criminal process to be issued thereon against him while residing in Madison county, and had caused him to be arrested and taken to Christian county in order to get service on him in this case, and that while so un-der arrest he was served with process.   Appellee moved to strike this plea from the files, which motion the court over-ruled, whereupon he filed several replications thereto and ap-pellant moved to strike them from the files.   The cause was then continued until the next term, when appellant asked and obtained leave to file an amended plea to the jurisdiction, which he did, alleging substantially the same facts as in the former plea, with the exception of the charge of *falsely* and *fraudu-lently* making the complaint, suing out the criminal process, and causing appellant to be arrested and carried to Christian county, in order to get service on him in this case.

Appellee demurred to this plea, which demurrer the court

sustained, and appellant then pleaded to the merits. On the trial he offered to introduce evidence to sustain his first plea to the jurisdiction, which being denied him by the court below, he now assigns error on that ruling. There were no issues formed under this plea, for the jury to try. By asking leave to file an amended plea to the jurisdiction, and filing the same, without calling upon the court to dispose of his motion to strike the replications to his former plea from the files, or joining issue on them, the plea was abandoned, and the court committed no error in rejecting the proffered evidence.

Appellant also contends that the court erred in sustaining the demurrer to his amended plea to the jurisdiction. A majority of this court are inclined to the opinion that the plea as amended is defective, but we reserve any decision upon this point until the record shall be in such a condition as to be apparently free from other causes of reversal, should it go to the Supreme Court.

The declaration contains six counts upon five different publications alleged to be libelous, the fifth and sixth setting out the same article. The fifth alleges that by said publication appellant meant and intended to charge appellee with a crime, while the sixth alleged that he meant to charge appellee with misdemeanors in his office and position of attorney of said railroad company. Other counts concluded by alleging a double intent in making publication of the alleged libelous matter. Thus, the fourth count concludes that " the said defendant wickedly and maliciously intending, by the publication aforesaid, to charge that the said plaintiff had committed the crime of robbery of the property of the said Wabash, St. Louis and Pacific Railway company, and also wickedly and maliciously intending by the said publication aforesaid, to charge that the said plaintiff had been guilty of acts of rascality in his said position of attorney of the St. Louis branch of said Wabash, St. Louis and Pacific Railway."

Appellant interposed the plea of the general issue to the entire declaration, and eighteen pleas of justification to the several counts, or to one or the other innuendo or meaning attributed to the publication, called in the plea a charge. Thus to

the fourth count appellant stood upon his pleas of not guilty as to his charging appellee with robbery, but justified as to charging him with professional misconduct.

The court sustained demurrers to the fifth, eighth, ninth and seventeenth special pleas, and appellant now assigns this ruling of the court as error.

The fifth plea is an attempt to justify the charge of professional misconduct as charged in the second count. The facts alleged do not show that appellee was acting in his professional capacity in doing what he is charged with, or that he had been employed as an attorney by any one connected with the transaction. For this reason the plea was insufficient.

The eighth plea was an attempt to justify the charge of cheating widows and orphans, whose husbands and fathers had been killed by collisions on said railroad, out of their dues. Whatever we might think of the substance of this plea, we do not think appellant can now question the ruling of the court upon it. After the demurrer had been sustained, appellee's counsel offered to withdraw the demurrer, and file replication to the same, to which appellant objected, and the court sustained his objection. He ought not now to be allowed to assign for error that which appellee offered to correct in the court below. But as we hold, *infra*, that the count itself, as to this second charge, is insufficient to support a judgment thereon, the plea presented an immaterial issue, and need not be further noticed.

The ninth plea is an attempt to justify the charge of unprofessional conduct complained of in the second count, and is subject to the same objection as the fifth.

The seventeenth plea assumes to answer the whole of the second count, which sets out a publication alleged to charge appellee with having been guilty of rascalities in connection with his position of attorney of the railroad company, and also of such conduct as an attorney and counselor-at-law, as would disbar him from practicing in the courts of this State, and cause his name to be stricken from the roll of attorneys. The plea sets out a single act of unprofessional conduct, which had no connection whatever with appellee's position as attor-

ney of the railroad. It is therefore not as broad as the charges in the count, and for this reason, if for no other, was bad on demurrer.

As a general rule a judgment will not be arrested, if there is one good count in the declaration and sufficient evidence to support that count. In this case, however, the jury found specially that appellant was guilty as to the first, second, third and fifth counts, the first charge of the fourth count, and the second charge of the sixth count, and not guilty as to the sec-ond charge of the fourth count and the first charge of the sixth count, and assessed the damages in gross at $1,000.

The libelous matter charged in the fourth count is as fol-lows:

" We are waiting patiently for a report from the officers of the Wabash and Pacific R. W. Co. (meaning the Wabash St. Louis and Pacific Railway Company), in regard to certain acts committed by their attorney, Geo. B. Burnett (meaning the said plaintiff) of this city. We want to know what they are going to do about it. If the officers of the road are not in partnership to bilk the road, then we want to know it. We have been interviewed by detectives and by accredited officers of the road in regard to robberies committed, but we have re-ceived no information in reference to the action of the head of the road about the matter. If the road wants any proof as to the rascalities perpetrated here for several years past, they must send a man they can rely upon, and one who is not in the fraud ring."

It is alleged that appellee was an attorney-at-law of this State, and the attorney of the St. Louis branch of the W. St. L. & P. Railway; that appellant well knowing the premises, and wickedly intending to injure and destroy the good name, repu-tation and credit of appellee in his position as attorney of said railway, published said libelous matter in said newspaper, in-tending thereby to charge appellee with having committed the crime of robbery of the property of the Wabash, St. Louis and Pacific Railway Company, and also intending to charge him with having been guilty of acts of rascality in his posi-tion of attorney of said road.

As before stated, appellant stood upon his plea of not guilty as to the accusation of robbery, but justified as to the latter charge. The jury found appellant guilty of publishing the false charge of robbery, but not guilty as to the charges of rascality; from which we conclude, the jury either failed to find in said publication a charge against appellee of having been guilty of rascalities in his position of attorney of said railroad, or that appellant had succeeded in proving the same as alleged in his plea.

As the verdict stands, therefore, the jury have found that said article, as published by appellant, charges upon appellee the crime of robbery of the property of said railway company. As this finding constitutes an integral part of the general finding, upon which the damages were assessed in gross, it follows that, if this finding is unsupported by sufficient averments, the judgment must be arrested, and the verdict set aside. Townshend on Slander and Libel, 490, §§ 291, 2.

It is very evident from the language of the publication, that, without reference to extraneous matter, it does not charge appellee with the crime alleged. In such case the rule is, that the ordinary meaning of the language employed can not be enlarged by innuendo, but the extraneous matter must be set out by sufficient averments in the colloquium, or, as it is sometimes called, the inducement, so that when the alleged libelous matter is read in the light of facts so averred, the court can see it is susceptible of the meaning attributed to it in the innuendo. Townshend on Slander and Libel, 530, § 337. A familiar illustration of this rule is, where one is charged with having sworn falsely with the intention of charging another with perjury, the charge at common law is not actionable *per se*, but the pleader must set forth the circumstances attending the alleged swearing, so that the court can see that perjury could not have been committed. This is the common law rule, but it is now modified by statute in regard to this particular crime, in this State.

Tested by this rule it will be seen that no facts or circumstances are set out, by way of colloquium or inducement, from which the court can, by the utmost stretch of construction of

the language employed, see that appellant thereby intended to charge appellee with the crime of robbing the railroad company of its property, in any sense in which the term "robbery," according to its common acceptation, is used.

When it becomes necessary to so allege extraneous facts in order to make that appear to be libelous which otherwise would not be so, such allegations become traversable, and are to be proved. In this case there was no attempt to prove that any robberies of the said railroad company had ever been committed, or even suspected, with the commission of which appellee might have been charged. If it be said the article is libelous in other respects, and therefore actionable, the reply is, that the pleader is bound to prove the libel in the sense attributed to it in the innuendo. The count itself is defective in substance, and there is no proof to aid it after verdict, if such a thing were possible. Strader v. Snyder, 67 Ill. 404.

The gravamen of the second charge of the third count, centers in that part of the publication consisting of this language: " There is one good characteristic about the man, however, and that is this: He never cheated widows and orphans out of their just dues, on account of their husbands and fathers' death who were killed in collisions on said road. He is above anything of that kind, and his integrity is above suspicion. Every man who has ever had any dealings with him will bear us out in this statement; " meaning and intending thereby *ironically*, etc. to charge him, etc. As this language is not libelous *per se*, and inasmuch as already seen, its meaning can not be enlarged by innuendo, the facts and circumstances making it so, and the fact that the language was used ironically, must be set out by sufficient averments in the colloquium or inducement. Boydell v. Jones, 4 M. & W. 446. There being no averments of this kind, it follows that this part of the charge is not libelous, and the eighth plea, which attempted to justify this charge, presented an immaterial issue. No conviction could therefore be had under this count, unless the other matter contained in the publication alleged to be libelous, was published with the intent charged in the first innuendo, which was a fact for the jury to determine. Strader v. Snyder, *supra*. But in the first

instruction given on the court's own motion, the publication was held libelous *per se*, and the question of intent was not submitted to the jury. Townshend on Slander and Libel, § 165, 6.

We are inclined to the opinion that other counts in the declaration, particularly the sixth, are liable to the same criticism.

On the trial the court gave to the jury, amongst others, the following instructions on behalf of appellee:

4. " The court instructs the jury that if they believe from the evidence that all the material allegations of the several counts of the plaintiff's declaration are proven to be true, that the defendant published of and concerning the plaintiff the matters charged in the several counts, with the intent charged in in each count with respect to the matters stated therein, then the law presumes, from the language of such publications, that they were published by the defendant maliciously, and with the intent to injure the plaintiff, and their verdict should be for the plaintiff.

5. " The court instructs the jury that if they believe from the evidence that the defendant published any of the articles charged in the several counts of plaintiff's declaration, in the manner and under the circumstances, and with the intent alleged in the declaration, then the jury will find for the plaintiff as to all of said publications, except such (if any there be) as have been proven by the defendant, by a preponderance of evidence, to be true."

Where the language of the alleged libel is not actionable *per se*, the malicious intent is not to be drawn alone from the language itself, but from that in connection with the extraneous facts proved, which make it libelous. In this particular the fourth instruction is faulty. It also authorizes a recovery upon all the counts without reference to whether or not appellant succeeded in proving the truth of his special pleas.

The fifth instruction makes the proof of one libel sufficient to authorize the jury to find appellant guilty as to all, except such as were proven to be true.

Each count must stand upon the proof adduced to support it, and the proof of one count can not be made to supply the

want of another. This instruction was therefore erroneous. Other causes of error are assigned upon the record, but they are of such a nature as to be easily guarded against upon another trial, after the pleadings shall have been amended, should that course be deemed advisable. For the reasons indicated the judgment of the circuit court will be reversed and the cause remanded, with leave to amend the pleadings.

Reversed and remanded.