## Finnell v. Walker.

1.  *Pleading—Innuendoes.*—In an action for slander, it is a rule of pleading that while an innuendo may explain, it can not enlarge the meaning of the words alleged.

2.  *Innuendoes—Improper Use, etc.*—Where a defendant wishes to test the sufficiency of a declaration in respect to the proper use of innuendoes, his proper course is to demur. If the declaration wholly fails to state a cause of action, the point may be made in arrest or on error, but where there is merely a defective statement of a cause of action, the omission will be aided by the verdict.

3.  *Instructions—Measure of Proof.*—An instruction which, as presented to the court, contains an admission that proof of any set of words alleged will be sufficient, is not rendered vicious by the court's adding "*or some one set of words.*"

Memorandum.—Action for slander. Appeal by the defendant from a judgment of $300, rendered by the Circuit Court of McLean County; the Hon. Thomas F. Tipton, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

### Appellant's Statement of the Case.

This was an action for slander. Both parties are residents of the village of Gridley in McLean County. Appellant is a grain dealer and appellee a drayman and policeman of the village. On the 10th of March, 1890, about 4 o'clock P. M., appellant and Chauncey Tarman, Fred. Reese and P. A. Klopensteen were in his office. Some one had just inquired for appellee, when appellant looked out of the window and saw him driving down across the common toward appellant's cribs.

When appellant saw appellee, he said: "There he goes now; I will bet he is going over to get corn." After some words by others, appellant said: "Don't that beat hell for a man to go and take corn like that? There is Joe; I always trusted him. What would you do in a case like that?"

### Appellant's Brief.

It is not actionable to charge a man with an intent to

commit a crime. Townshend on S. & L., Sec. 161, p. 230; McKee v. Ingalls, 4 Scam. (Ill.) 30.

In every case the defendant, in mitigation of damages, may give evidence to show that he acted in good faith and with honest purpose, and not maliciously. Newell on Defamation, S. & L., p. 901, Sec. 78 ; Odger on S. & L., 317; Townshend on S. & L., Sec. 409 (3d Ed.); Owens v. McKean, 14 Ill. 460.

Where a party's intentions are material, he may always testify to what his intentions were. Wharton on Evidence, Sec. 482 (2d Ed.).

Kerrick, Lucas & Spencer, attorneys for appellant.

### Appellee's Brief.

This case does not fall within the rule laid down in the case of McKee v. Ingalls, 4 Scam. 30. Saying that a man " will steal " is a very different thing from saying that " he is going (on his way) to steal." One expresses an opinion; the other asserts a fact. See Am. and Eng. Encyclopædia of Law, Vol. 13, page 353. One imputes a criminal intent; the other charges that steps are being taken to carry out a criminal intent. See Seaton v. Codray, Wright (Ohio), 101; Wilson v. Tatum, 8 Jones (N. C. L.) 300.

John E. Pollock, Jas. S. Ewing and John F. Wight, appellee's attorneys.

Opinion of the Court, *the Hon. George W. Wall, Judge.*

The appellee recovered a judgment against the appellant for $300, in an action on the case for slander.

The words alleged charged the plaintiff with the crime of larceny. The defendant pleaded the general issue and justification.

An effort was made to prove that the plaintiff had stolen the defendant's corn and it is now insisted in the printed arguments that the evidence sustained the plea of justification.

Finnell v. Walker.

It is urged as a ground of reversal that some of the sets of words alleged in the declaration did not amount to a charge of larceny, but that the court, by an amendment to the second instruction asked by defendant, advised the jury that the plaintiff might recover on proof of any set of words alleged.

It will be noticed that the innuendo in each instance is, that by the words set forth, the defendant intended to charge the plaintiff with the crime of larceny.

It is a rule of pleading that while the innuendo may explain, it can not enlarge the meaning of the words alleged.

If the defendant wished to test the sufficiency of the declaration in this respect, the proper course was to demur, and where a declaration wholly fails to state a cause of action the point may be made by motion in arrest or on error, though where there is merely a defective statement of a good cause of action, the omission will be aided by the verdict.

The instruction as modified read thus:

" 2.   The court instructs the jury for the defendant, that before the plaintiff is entitled to recover any verdict in this case, he must prove by a preponderance of the evidence that the defendant uttered and spoke of and concerning the plaintiff some one or more of the sets of alleged slanderous words mentioned in the declaration, and that such words were spoken by the defendant, in the presence and hearing of some person or persons other than the plaintiff.   By " sets of words," is meant the groups of words as they are embraced within the quotation marks in the declaration. The court further instructs the jury that proof of equivalent words will not be sufficient, but they must prove the words alleged in the declaration as alleged in the declaration, *or some one set of words*."

The modification consisted of adding the words in italics at the end.   The instruction as presented contained in the first clause an admission that proof of any set of words alleged would be sufficient, and the court by adding the

same or an equivalent phrase did no more than to make the instruction consistent.    By referring also to the second instruction which was given as asked by the defendant the same concession will be found.

Having thus admitted the sufficiency of the declaration the defendant should not be heard to question it now in this irregular way.    We are not therefore required to determine whether the declaration was faulty or not.    With regard to the merits as disclosed by the evidence we are of opinion that the conclusion reached by the jury is not erroneous.    Apparently the contest was not so much upon the issue whether the plaintiff was charged with larceny as whether he was guilty.    Substantially it was confessed that the defendant imputed and intended to impute that crime to the plaintiff and a vigorous effort was made to justify.

The jury having settled the questions of fact upon evidence which is sufficient there is no occasion to disturb the verdict.

No errors of law of any considerable importance are perceived and the judgment will be affirmed.