# David B. Clarkson, Appellant, v. The Book Supply Company et al., Appellees.

## Gen. No. 16,487.

1. SLANDER AND LIBEL—*how question of libelous character of pub-lication determined.* It is for the court to decide whether a publica-tion is reasonably capable of the meaning ascribed to it in the in-nuendo.

2. SLANDER AND LIBEL—*when publication not libelous.* Where the plaintiff is not referred to, it is not libelous for a competitor to adver-

tise using such phrases as "there is no intent to mislead," "we do not make impossible reductions from boosted prices," etc.

3. SLANDER AND LIBEL—*construction of alleged libelous words.* In construing an alleged libelous publication the meaning of words is not to be extended beyond their natural and ordinary meaning.

Trespass on the case. Appeal from the Superior Court of Cook county; the HON. MARCUS KAVANAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 25, 1912.

HERMAN FRANK, for appellant.

BALDWIN & BARNES, for appellees.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is an appeal by David B. Clarkson, hereinafter called plaintiff, from a judgment of the trial court which sustained a demurrer to plaintiff's amended declaration in an action in trespass on the case, for the alleged publication by The Book Supply Company, a corporation, and Elsbery W. Reynolds, hereinafter called defendants, of alleged libelous statements of and concerning the plaintiff.

The parties are apparently competitors in the book selling business, and plaintiff in his amended declaration alleges that he has advertised extensively throughout the United States, using the phrases "Millions of Books, Thousands of Titles," and "A Train Load of Books," "Books at the price of Paper and Printing," and "Bankrupt Book Bargains," as tending to show the number of books dealt in by him and the low prices at which he sold the same.

The colloquium in the declaration sets up the composition and publication by the defendants of an advertising pamphlet entitled "Catalogue of Books," and that the same was circulated in great numbers in the city of Chicago, etc.; that in said pamphlet were certain sentences, amounting to libelous matter, charg-

ing the plaintiff with dishonesty in his business and causing plaintiff to be regarded as one who does not deal in a large number of books and who does not sell his books cheaply.

An examination of the amended declaration discloses that defendants did not publish in the pamphlet aforesaid the phrases "Millions of Books," etc., above recited, and it is not alleged that these particular phrases were so published by defendants. The particular matter, therefore, which it is alleged is libelous, consists of the following sentences appearing in the "Catalogue of Books:"

"There is no intent to mislead, exaggerate or appeal to the selfish desire for gain through the imaginary misfortunes of others.

We do not make impossible reductions from boosted, fictitious publishers' prices.

We do not advertise books at the price of paper and printing because it would not be true, and

We do not advertise bindings free because that would not be true."

By the innuendo of plaintiff's amended declaration it is alleged that by the publication of these sentences the defendants meant and thereby falsely charged that the plaintiff carried on his business with methods contrary to those methods described in said sentences above quoted, and that persons reading such sentences would so understand, and that they were so made with intent to injure the plaintiff in his business.

It is for the court to decide whether a publication is reasonably capable of the meaning ascribed to it in the innuendo. Herrick v. Tribune Company, 108 Ill. App. 244; Gerald v. Inter Ocean Publishing Co., 90 id. 205; McDonald v. Lord & Thomas, 27 id. 111; Bihler v. Cockley, 18 id. 496; Hays v. Mather, 15 id. 30. The question then is, was the trial court right in holding these words not capable of a libelous meaning? We are of the opinion that it was and that it ruled cor-

rectly in sustaining the demurrer to the amended declaration. We fail to see how the words complained of can possibly be stretched so as to be held defamatory of the plaintiff. To do so would subject any merchant advertising articles for sale as "genuine" or "well made" to an action for libel by other merchants, on the ground that the advertiser intended to charge them with selling articles which were imitations and poorly made. To do so would be to enlarge the meaning of words far beyond their natural and ordinary meaning and to give them a meaning beyond that of which they are reasonably capable. McLaughlin v. Fisher, 136 Ill. 111; Patterson v. Edwards, 2 Gilman 720; Finnell v. Walker, 48 Ill. App. 331; Brown v. Burnett, 10 Ill. App. 279.

The judgment of the trial court was right, and it will therefore be affirmed.

*Affirmed.*