By the Court,

Nelson, C. J.
The only question presented in this case is, whether, the publication which is set forth in the declaration, and assuming that all the material averments therein are true, contains a libel upon the character of the plaintiff. The words import that he has been guilty of entering into a corrupt understanding or agreement with certain persons supposed to control the political and legislative power of the state, with a view to his own particular advantage, to the serious injury of the public interests. This is, in substance, the charge in second count, in connection with the prefatory averments; and further, that if elected by the people to the senate of the state, he would there use his official station and influence to embarrass, if not entirely defeat, what is deemed by the writer a great public improvement, and in which a portion of the plaintiff’s constituents were deeply interested, for the sake of personal and political aggrandizement, or for corrupt purposes, or to gratify individual malice. This is the substance and import of the charges contained in the first and third counts.
The publication set forth in the second count, with the explanatory precedent averments, in my judgment, is not only libellous, but contains an aggravated charge; one which if true, would justly exclude the plaintiff from the esteem and confidence of the community, and subject him to public odium and contempt. It charges him with a corrupt agreement to sacrifice the interests of the community in which he resides, for private and sinister [67] purposes; and necessarily implies that in the consummation of the profligate scheme, he deceived and cheated the legislature, unless we assume what is not asserted, that they were parties to the plot. A combination of wickedness is thus imputed to him, the attempt to destroy a favorite and useful public improvement, the procurement of the charter of a bank uncalled for by the wants of the community, all with a view to private gain, and by practising in conjunction with others a gross fraud upon the legislature.
As it respects the other counts, until the morals and. judgment of ilie cornmunity become so perverted, that the legislation of the state conducted for private and selfish purposes, regardless of the public weal, ceases to be a crime, or to expose the actors to merited odium and the reprobation of the people, the imputations contained in them must be considered by the courts libellous. They seek and tend to make the impression upon the public mind, that the plaintiff possesses such infirmity and depravity of character, that if trusted by the electors, he will use his official station to betray their particular interests, and prostitute it exclusively to the furtherance of his own private schemes. Judgment for plaintiff on demurrer.