11b 292
| 32ap482

### WEED *vs.* FOSTER & STIMSON.

A publication alledging that the plaintiff, being an influential politician in the city of A., had been paid $5,000 in cash, for procuring the appointment of an inspector of pork in the city of N. Y., by the governor, and that large sums had also been paid to the plaintiff for other lucrative offices, *held* libelous *per se.*

DEMURRER to complaint.   The action was for a libel.   The complaint stated that the defendants, being the editors and publishers of a newspaper called the Day Book, published of and concerning the plaintiff a libel in the following words: " Corruption in Albany.   The following extract is from a letter written from New-York to the Syracuse Star.   The game attempted to be played by Bull has been successfully played for many years in Albany, by persons much higher in office than himself.   The sum of $5,000 was paid to an influential politician of that city in 1840, for the office of inspector of pork in New-York, under the appointment of Governor Seward; large sums have also been paid to the same individual for other lucrative offices here and elsewhere.   It is also susceptible of proof that officers and members of the legislature have received large bribes for opposing or advocating divers measures.   The transaction alluded to was the appointment of an inspector of pork by Governor Seward, for which appointment Thurlow Weed received $5,000 in cash.   A fair business transaction !"

The defendants demurrred to the complaint, alledging for cause of demurrer that it did not state facts sufficient to constitute a cause of action.

*William Barnes,* for the plaintiff.

*M. T. Reynolds,* for the defendants.

HARRIS, J.   The only question presented by this demurrer, is whether the publication set forth in the complaint is libelous *per se.*   The charge is in substance, that the plaintiff, being an

influential politician in the city of Albany, had in 1840 been paid $5000 in cash for procuring the appointment of an inspector of pork in the city of New-York, by Governor Seward, and that large sums had also been paid to the plaintiff, for other lucrative offices. Is such a charge calculated to injure the character of the plaintiff, or to degrade him in public estimation? If it is, then the court is required to say, as matter of law, that the charge is libelous. No extrinsic fact need be stated to give point or meaning to the charge. The language of the alledged libel is to be understood as used in the ordinary and most natural sense. Giving this construction to the language used by the defendants, the charge is obviously calculated to degrade the character of the plaintiff in the public estimation. It imputes to him, in terms clear and unequivocal, conduct highly dishonorable if not criminal: such as, to the extent it may be believed, must bring upon him public contempt and indignation. Such a charge does not need the aid of any averment or innuendo to make it libelous.

The plaintiff is therefore entitled to judgment upon the demurrer, with liberty to the defendants to answer within twenty days on payment of costs.

[ALBANY SPECIAL TERM, June 2, 1851. *Harris*, Justice.]