## CATHARINE S. SMITH vs. JAMES N. COE.

November 20, 1875.

**Libel—Words not Actionable** *per se.*—The complaint in this case alleges that the defendant published in certain newspapers "the false, malicious and

defamatory words, of and concerning the plaintiff, following, that is to say : 'Said letters and others were stolen from the deponent (defendant meaning) sometime during the past six years, and have been prepared and kept as a means for the extortion of money from, and otherwise injuring, his said partner, W. D. Hurlbut.'" *Held,* 1. That unless there were extrinsic facts going to show that the meaning of the matter published was a charge that the plaintiff had stolen the letters, or had prepared and kept them as a means for the extortion or injury alleged, the matter published was not libellous.

Same—Extrinsic Facts must be Alleged in Complaint.—2. That if such extrinsic facts existed, the plaintiff should have set them up in her complaint, not "for the purpose of showing the application to the plaintiff of the defamatory matter," but for the purpose of showing the *actionable quality* of the matter as respects the plaintiff.

Appeal by plaintiff from an order of the district court for Olmsted county, *Mitchell,* J., presiding, sustaining a demurrer to the complaint.

*Jones & Gove,* for appellant.

*Start & Benedict,* for respondent.

BERRY, J.[1] This is an action for publishing in certain newspapers, as the complaint alleges, " the false, malicious and defamatory words, of and concerning the plaintiff, following, that is to say : ' Said letters and others were stolen from this deponent (defendant meaning) sometime during the past six years, and have been prepared and kept as a means for the extortion of money from, and otherwise injuring, his said partner, W. D. Hurlbut.' ' "

A libel is a malicious publication, expressed in print, writing, or by signs, tending to injure the reputation of another, and expose him to public hatred, contempt, or ridicule. 3 Cooley's Blackstone, 123, note ; 2 Kent, 17 ; Broom's Commentaries, 745 ; 1 Starkie on Slander, 169. Notwithstanding it is averred in the complaint in the case at bar that the words above recited were published of and concerning the plaintiff, neither this averment nor the words themselves, nor the averment and words taken together, amount to an allegation that the defendant, by the publica-

---

[1]Gilfillan, C. J., did not sit in this case, owing to illness in his family.

tion complained of, charged the plaintiff with having stolen the letters, or with having prepared or kept them as a means for the extortion or injury mentioned. The matter published was, then, not libellous, within the definition given, unless there were *extrinsic facts* going to show that the meaning of the matter published was a charge that the plaintiff had stolen the letters, or had prepared and kept them as a means for the extortion or injury alleged. If such extrinsic facts existed, the plaintiff should have set them up in her complaint, not "for the purpose of showing the application to the plaintiff of the defamatory matter," for this is rendered unnecessary by Gen. St. ch. 66, § 95, but for the purpose of showing the *actionable quality* of the matter as respects the plaintiff. 1 Starkie on Slander, 391, 392. As the complaint fails to set up the extrinsic facts necessary for this purpose, the order sustaining defendant's demurrer to the same is affirmed.*

*Note.—The rule in this case was followed in the case of *Catharine S. Smith* v. *William D. Hurlbut*, decided at the same time.