GIAMBATTISTO SALVATELLI, Appellant, *v.* JOSEPH M. GHIO ET AL., Respondents.

### June 1, 1880.

1. Where the publication charged as libellous is innocent without allegations of explanatory facts, the absence of such averments cannot be supplied by inuendoes.

2. The publication of a statement imputing blame, where there is nothing to characterize the charge, is not actionable without an allegation of special damage.

APPEAL from the St. Louis Circuit Court, LINDLEY, J. *Affirmed.*

FREDERICK WISLIZENUS, for the appellant: The article complained of is a libel. The doctrine of construction *mitiori sensu* is completely exploded.— *Fallenstein* v. *Booth*, 13 Mo. 429; *Johnson* v. *Dispatch Co.*, 2 Mo. App. 568; *Turvill* v. *Dollaway*, 17 Wend. 428. The court will not withhold the case from the jury unless it can clearly see upon the face of the record that the matter charged cannot be libellous.— *Capel* v. *Jones*, 4 C. B. 264; *Mawe* v. *Pigott*, I. R. 4 C. L. 60; *Tracy* v. *McKenna*, I. R. 4 C. L. 374; *Jenner* v. *Beckett*, 25 L. T. (Q. B.) 464; Towns. on Libel, 252, sect. 177. Definitions of libel. — *Nelson* v. *Musgrove*, 10 Mo. 648; *Keemle* v. *Sass*, 12 Mo. *499; *Price* v. *Whitely*, 50 Mo. 441. Where the article itself bears a libellous construction there is no need of prefatory averments. — *Hudson* v. *Garner*, 22 Mo. 425; *Worth* v.

*Cutler*, 7 Blackf. 252; *Harvey* v. *French*, 1 Cromp & M. 17; *Roberts* v. *Camden*, 9 East, 92; *Cooper* v. *Greeley*, 1 Denio, 347. Where the language on its face is ambiguous, it is proper that the pleader set forth by inuendo the libellous construction which he believes should be given it. — *The Commonwealth* v. *Keenan*, 67 Pa. St. 206 (208); *Griffith* v. *Lewis*, 8 Ad. & E. 841 (851); *Clegg* v. *Leffer*, 10 Bing. 250. Whether the true meaning is such as is alleged in the inuendo, is a question for the jury. — *Greeley* v. *Cooper*, 1 Denio, 347.

E P. McCARTY and V. W. KNAPP, for the respondents : The words set forth in the petition in this cause do not come within the broadest definition of a libel. — *Price* v. *Whitely*, 50 Mo. 440. Inuendo cannot enlarge or extend the meaning of words alleged to be libellous. — *Hudson* v. *Garner*, 22 Mo. 423. Nor supply the place of preliminary averments. — *Van Vichtem* v. *Hopkins*, 5 Johns. 211.

HAYDEN, J., delivered the opinion of the court.

The question is as to the sufficiency of the petition, which, upon objection made below to the introduction of any evidence under it, the court decided did not contain a statement of facts sufficient to constitute a cause of action for libel. The petition states that the plaintiff, a priest of the Catholic Church, was, in December, 1876, and for five years before, pastor of the Church of St. Bonaventura, in St. Louis ; that the defendants, George Knapp & Co., a corporation, and owner and publisher of the Missouri *Republican*, a newspaper of large circulation in St. Louis, and others, falsely and maliciously wrote and published of the plaintiff the following false and malicious statement, and caused it to be printed in that paper in the edition of June 4, 1877 :

" There were one hundred Italians in line, who came out under great difficulties, being bereft of banner, flag, and other ornaments ; the marshals were Vincenzo Bernero and Joseph M. Ghio ; they presented the following note to the grand marshal [meaning and intending thereby the grand

marshal of a certain procession held in St. Louis on June 3, 1877, in celebration of what was known as the Pope's Golden Jubilee] : ' *This society has been unfortunate in losing its banner* [meaning and intending thereby that plaintiff had stolen the same]. *The former pastor,* [meaning and intending thereby this plaintiff] *leaving the church* [meaning and intending thereby said Church of St. Bonaventura] *some time ago, carried away all the banners* [meaning and intending thereby that he had stolen the same], *and actually stripped the church of many valuable articles'* [meaning and intending thereby that he had stolen many valuable articles from said church]. By reason whereof plaintiff says he has been damaged in the sum of five thousand dollars, for which sum, with his costs herein, he asks judgment against defendants.''

The primary objection to this petition is that there are no allegations of fact explaining the surroundings, in which the publication charged as libellous is put or fitted. Inuendoes cannot serve for allegations of physical facts that are necessary to show the bearing of libellous statements. But if read without the inuendoes, the above publication is innocent enough, unless we supply suppositions to eke out the publication. The first part is the description, in the newspaper, of the procession as it moved in the streets. The sting of the publication is supposed to lie in the contents of the note, the words of which, for designation, we have put in italics. These words are to be construed not *mitiori sensu,* but according to their fair and reasonable intendment. In this view the court below could not assume that the pastor had not a right to take away the banners and other valuable articles. The court had no right to make any such assumptions as to the powers or duties of a pastor of the Catholic Church. It appears that this pastor was leaving his church, and that he took away the banners and other valuable articles. That he " stripped " the church adds nothing to the sense. This word is merely an intensive, signifying thoroughness of the act, but conveying no imputation of wrong.

It may be that the pastor had the right to strip the church as he is said to have done. It does not even appear that any of the articles which the pastor took with him when — for what reasons we know not — he left the church of which he had long been pastor, were not his own property, except, perhaps, the first-mentioned banner. Even as to this, there is no averment that the society had owned the banner, or that the pastor had no right to take it. It is fairly inferable that this banner was in the church, and in the custody of the pastor. Whether it was his to take and preserve, we can only conjecture. Nothing, in the fair meaning of language, is said to the contrary. It is, indeed, evident that the writers of the note attempted to exonerate the society from the imputation of not making a proper display, by imputing blame to the pastor; but the mere imputation of blame, which is often cast because something disagreeable results to the writer, is not sufficient to make the words actionable where no special damage is alleged. There must at least be something to characterize the charge. Thus, in *Cox* v. *Lee*, L. R. 4 Exch. 284, relied on by the plaintiff as a strong case, there was a charge of ingratitude plainly made, and thus a moral offence, as the case holds, was imputed to the plaintiff. It should, moreover, be noticed that this, as well as other cases cited by the plaintiff, turned on the question whether, after verdict, the declaration disclosed any cause of action. In the case at bar the objection was made at the outset, and the plaintiff declined to amend his petition. Our pleadings are governed by our Practice Act, and its rules apply to petitions for libel, subject to the section dispensing with special averments showing the application to the plaintiff of the defamatory matter, as well as to pleadings in other actions. Thus, it was not necessary that the trial court, in order to rule as it did, should be able to see that the matter charged could not in any way be libellous. It was for the plaintiff to show a cause of action in this as in other cases, subject to the rule that the words were to be taken fairly

and in their ordinary sense.   By proper averments it may be that the plaintiff could have made the petition good, but as it stands it is not so.

The judgment is affirmed.   Judge Bakewell concurs; Judge Lewis is absent.