CHARLES · H. PETSCH *vs.* DISPATCH PRINTING COMPANY and others.

March 20, 1889.

**Libel—Language Uncertain as to Person.**—Where the language in an alleged libellous charge is in itself so vague and uncertain that it could not be intended to have been used in reference to any particular person or persons, it is not actionable.

**Same—Application to Plaintiff—Pleading and Evidence.**—But where the words amount to a libellous charge against some person, but it is left uncertain as to the application thereof to the plaintiff, such application may be shown by proof of extrinsic facts, and under the statute it is not necessary to allege them in the complaint.

**Same — Averment of Meaning of Language.** — Where the language is libellous, and fairly susceptible of the meaning claimed for it by the plaintiff, it is proper to aver in the complaint the meaning thereof as intended by the defendant in publishing the charge, and as understood by those who read it. And such averments may be treated as substantive allegations of fact.

· Appeal by defendants (the Dispatch Printing Co., and Geo. Thompson, and Carroll S. Bartram, two of its officers, the former being also manager of the company, and the latter one of the editors and managers of the St. Paul Dispatch, a daily newspaper published by it) from an order of the district court for Ramsey county, *Simons, J.*, presiding, overruling their joint demurrer to the complaint, the grounds of demurrer being defect of parties defendant and failure to state a cause of action.

The complaint alleges that on April 7, 1888, there was holden in St. Paul a democratic convention for nominating and which nominated candidates for city offices, to be elected in the ensuing May. Plaintiff was not a delegate to the convention and took no part in it. He has lived in St. Paul with his family more than 20 years, being well known to all its citizens, enjoying their confidence and approval; and has for many years been an alderman of the city, and was a nominee of the convention for alderman at large, and has never been guilty of any dishonesty or improprieties of any kind. The complaint then alleges that on the day of the convention the defendants composed and published in the St. Paul Dispatch the article complained of, (setting it forth at large as in the opinion,) and avers that the defendants and each of them, in composing, publishing, and circulating it, "intended to be understood and were understood to charge that this plaintiff, who was named in said article as Alderman Petsch, together with other citizens named in said article, had theretofore wrongfully, unlawfully, and wickedly conspired together to prevent the election of the city comptroller, John Roche, named in said article and then the incumbent of the office of the city comptroller of the city of St. Paul, with the design and intent of thereafter wrongfully, unlawfully, and feloniously taking and converting to their own use the public moneys of the city of St. Paul contained in the treasury of said city," and that the article "is generally understood by the citizens of said city to make such charge and accusation against this plaintiff." The residue of the complaint consisted of averments of the falsity of the charge, of plaintiff's demand for a retraction and defendants' refusal, and of damage in the sum of $10,000, no special damages being alleged.

*J. M. Gilman,* for appellants.

*C. D. & Thos. D. O'Brien,* for respondent.

VANDERBURGH, J.   The questions presented for consideration in this case arise upon demurrer to the complaint.   The statute provides that in cases of libel it shall not be necessary to state in the complaint any extrinsic facts for the purpose of showing the application to the plaintiff of the defamatory matter out of which the cause of action arose, but it shall be sufficient to state generally that the same was published concerning the plaintiff.   This, however, does not dispense with the necessity of alleging extrinsic facts by way of inducement to show that the publication is libellous, or at least susceptible of a defamatory meaning under the circumstances, and so calculated to affect the plaintiff injuriously.   *Fry* v. *Bennett,* 5 Sandf. 54.   The actionable character of the charge must be made to appear, and the complaint must show that it was published of some person or persons in some way designated or indicated, so that reference may be made to it by the pleader as applicable to the plaintiff.   *Smith* v. *Coe,* 22 Minn. 276.   Cases may arise in which the words are in themselves so vague and uncertain that it could not be intended that they were spoken of any particular person.   But there are other cases in which the words amount to a libellous charge upon some person, but that person is so ambiguously described that, without the aid of extrinsic facts, his identity cannot be ascertained.   Under the old practice it was necessary in such cases to show the application of the charge to the plaintiff by the introduction of the proper averments and a *colloquium.*   *Van Vechten* v. *Hopkins,* 5 John. 211, 222, (4 Am. Dec. 339.)   But the change in this rule made by the statute is a very material one, and the averments and *colloquium* which were formerly necessary to connect the libel with the plaintiff may be dispensed with. The rule as existing in the practice before the Code is well illustrated by the case of *Miller* v. *Maxwell,* 16 Wend. 9.   The change in the rule was made to simplify the pleadings, and obviate the technical difficulties and embarrassments which frequently arose under the former practice.   *Pike* v. *Van Wormer,* 5 How. Pr. 171.

The publication complained of in this case is as follows:  "A Shame and a Disgrace.—The city hall ring to-day consummated its greatest

villany.   Honest, faithful, and capable John Roche, comptroller of the city for years, was sacrificed at the command of the chief of the gang and his lieutenants, Mayor Smith, Chief Clark, Tom Prendergast, Alderman Petsch, and Dick Gorman.   The city hall ring must have boodle to elect themselves, and carry through their scheme for plundering the city treasury.   Honest John Roche has always been in their way, and he has to be got rid of.   The ring knows that with this faithful guardian of the treasury at his post, no scheme of theirs for boodle could pass his scrutiny.   His defeat in the convention to-day was a public outrage, which the business men and tax-payers of the city will resent at the coming election.   If John Roche were to announce himself to-day as an independent candidate for the office of city comptroller, it is believed that he would receive the unanimous nomination of the Republican convention on Monday, and be triumphantly elected next month.   This act on his part is due to his friends, to the public, and to himself."

It is alleged that plaintiff was an alderman of the city of St. Paul, that a convention for the nomination of city officers was held on the day of the publication of the alleged libel, and candidates nominated, and the plaintiff was a nominee of such convention for alderman at large.   If there is any ambiguity in the article quoted as to whether the persons mentioned are intended by the term "city hall ring," it is clear that it may be shown by proof, without the necessity of further allegations, that the language used was intended to refer to them, and that what is said of the "ring" was published of and concerning them.   *Wesley* v. *Bennett*, 5 Abb. Pr. 498.   It will then be a question for the jury.

The charge, which is alleged to have been falsely and maliciously published, considering the scope and purpose of the whole article, including the heading, may fairly be construed to be libellous on its face, and well calculated to subject the plaintiff to scandal and suspicion, and expose him to contempt and hatred.   *Powers* v. *Dubois*, 17 Wend. 63, 67; *More* v. *Bennett*, 48 N. Y. 472.   And while it would have been proper, and perhaps more satisfactory, to have set forth by additional averments matters explanatory of some parts of the charge, we are of the opinion that the language used, including the words "city hall

ring," assuming this language to be applied to the plaintiff and the others named, may fairly and reasonably bear the interpretation substantially as charged, viz., that it was intended thereby to stigmatize the plaintiff and the others named as having corruptly conspired together to defeat the comptroller because he stood in the way of unlawful or dishonest schemes of theirs to obtain money from the treasury for their own private advantage, and that it was proper to aver that such was the intent with which the charge was published, and the manner in which it was understood by those who read it. Such averments are to be treated as substantial allegations of fact, which may be made to fix the meaning if there is doubt or ambiguity in the language. 1 Am. Lead. Cas. *139; *Goodrich* v. *Woolcott*, 3 Cow. 231, 239; *Blaisdell* v. *Raymond*, 4 Abb. Pr. 446, 459; *Gibson* v. *Williams*, 4 Wend. 320; *Andrews* v. *Woodmansee*, 15 Wend. 232; *Maynard* v. *Fireman's Fund Ins. Co.*, 47 Cal. 207.

2. The defendants all join in a common demurrer on the grounds that there is a defect of parties and that the complaint fails to state facts sufficient to constitute a cause of action. If, therefore, the complaint states a good cause of action against any one of the defendants, the demurrer must be overruled. There is no defect of parties; but if any one of the defendants desired to raise the objection that he was improperly joined, or that no cause of action is stated against him, he should have demurred separately, as was done in *Simonsen* v. *Herold Co.*, 61 Wis. 626, (21 N. W. Rep. 799,) relied on by defendants. *Clark* v. *Lovering*, 37 Minn. 120, (33 N. W. Rep. 776.)

Order affirmed, and case remanded for further proceedings.

NOTE. The case of Thomas A. Prendergast against the same defendants (an action for the same libel) was argued by the same counsel and at the same time with the foregoing case, and with the same result.