Daniel McLaughlin

*v.*

Frank R. Fisher.

*Filed at Springfield March 31, 1890.*

1. SLANDER—*of the declaration—office of the innuendo—inducement—colloquium.* In an action for speaking slanderous words of and concerning the plaintiff, it is not permissible to enlarge and extend the meaning of the words spoken, beyond their natural import, by the innuendo, except so far as such enlarged meaning is warranted by prefatory matter set forth in the inducement or colloquium.

2. An innuendo is properly used to point the meaning of the words alleged to have been spoken, in view of the occasion and circumstances, whether appearing in the words themselves, or extraneous prefatory matters alleged in the declaration. It is explanatory of the subject matter sufficiently already stated, and it can not extend the natural meaning of the words unless there is something averred in the prefatory part of the declaration for it to explain, or to which it may properly extend them. Words not in themselves actionable can not be rendered so by an innuendo, without a prefatory averment of extrinsic facts which make them slanderous.

3. The office of the inducement is to narrate the extrinsic circumstances which, coupled with the language published, affect its construction and render it actionable, when, standing alone and not thus explained, the language would appear not to concern the plaintiff, or, if concerning him, not to affect him injuriously.

4. If, therefore, the words alleged to have been spoken are not slanderous *per se*, or if they do not refer to the plaintiff, or if they require explanation by some extrinsic matter to render them actionable, such extrinsic facts must be alleged by way of inducement, and thus render the charge intelligible and certain.

5. The colloquium is to connect the words spoken, with the plaintiff, and with the extrinsic matters, if any, set forth by way of inducement.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

This was an action on the case, for slander, brought in the circuit court of Sangamon county, by Daniel McLaughlin, against Frank R. Fisher. The declaration is as follows:

"For that whereas, before and at the time of committing the grievance hereinafter mentioned, the plaintiff held, used and exercised the office of president of the Illinois Miners' Protective Association, by appointment of said association, and received and enjoyed therefrom a salary of, to-wit., $100 per month as such president, which said association was then and there, and for a long period theretofore had been, a voluntary association of all persons working in and around the coal mines in the State of Illinois, and one of the objects of said association then and there was to promote the best in-

terests of said persons in their said occupation, and to promote harmony, as to work and wages, among said persons in their said occupation, and it was then and there the duty of the plaintiff, as president of said association, to so demean himself as to advance the said object of said association, and to promote the best interests of said persons in said occupation, and to promote harmony, as to work and wages, among said persons in said occupation; and the plaintiff avers that he hath always, during the time of his being such president, faithfully, properly and honestly discharged his said duty as president of said association, and dealt honestly, equally and fairly, as such president, with all persons working in and around the coal mines in said State, and never was guilty of the offenses and misconduct hereinafter stated to have been charged upon and imputed to him by said defendant, nor until the time of the committing of the grievances by the defendant, as hereinafter mentioned, was ever suspected of any such offenses or misconduct, by reason whereof the plaintiff had deservedly acquired the honor, esteem and good-will of his neighbors and of said association, and of the said persons working in and around the coal mines in the State of Illinois; nevertheless the defendant, well knowing the premises, but contriving and wickedly and maliciously intending to injure the plaintiff in his good name and reputation, and to bring him into disgrace, scandal and distrust, as president of said association, among his neighbors and other good citizens and the said association, and among the persons working in and around the coal mines in said State, on, to-wit., the first day of January, A. D. 1888, at the county aforesaid, in a certain discourse which the said defendant then and there had of and concerning the plaintiff, and of and concerning the plaintiff in the execution of his said office of president of said association, in the presence and hearing of divers said persons, falsely and maliciously spoke and published of and concerning the plaintiff, and of and concerning him in the exercise of his said

8—136 Ill.

office, the false, scandalous and malicious words following, that is to say: 'Let me (meaning defendant) tell you boys something that may be you do'nt know. Let me (meaning defendant) tell you that old Dan McLaughlin (meaning plaintiff) is carried on the pay-rolls of the C., W. & V. Coal Company, at the rate of $75 a month, for keeping up an agitation among the miners (meaning persons working in and around the coal mines in Illinois) of central and southern Illinois, so that the mine owners of northern Illinois can get all the trade, and I (meaning defendant) know it,'—meaning and intending thereby to charge the plaintiff with willfully and corruptly, and for his own gain, neglecting and failing to so demean himself as to advance the said object of said association, and willfully and corruptly, and for his own gain, neglecting and failing to promote the best interests of the persons working in and around coal mines in said State, and with willfully and corruptly, and for his own gain, refusing and neglecting to promote harmony, as to work and wages in said occupation, among persons engaged in working in and around coal mines in said State, and meaning and intending thereby to charge the plaintiff with willfully, corruptly, and for his own gain, permitting himself, while so president of said association, to be employed by the C., W. & V. Coal Company for the purpose of interfering with and retarding said object of said association, and for the purpose of injuring the best interests of the persons working in and around the coal mines in Illinois, and for the purpose of producing absence of harmony, as to work and wages in their said occupation, among said persons, contrary to his duty as president of said association, and meaning and intending thereby to charge that the plaintiff, while so being president of said association, accepted employment with the C., W. & V. Coal Company to keep up an agitation among the persons working in and around the coal mines in central and southern Illinois, to the injury of their best interests, and to the destruction of harmony, as to work and wages, between them and the persons

working in and around coal mines in northern Illinois, so as to diminish or prevent the mining of coal in the coal mines of central and southern Illinois, and so enable the mine owners of northern Illinois to control the trade in coal,—he, the said defendant, then and there intending to be understood as so meaning, and he being then and there so understood by the persons by him so addressed, as aforesaid; by means whereof the plaintiff hath been greatly injured in his good name, fame and credit, and has suffered great anxiety of mind, and been exposed to the loss of his said office of president of said association, and the emoluments thereof."

To this declaration a demurrer was interposed and sustained, and the plaintiff abiding by the declaration, judgment was rendered against him for costs. On appeal to the Appellate Court for the Third District, the judgment was affirmed, and the plaintiff prosecutes his further appeal to this court.

Messrs. Connolly & Mather, and Mr. J. M. Graham, for the appellant.

Messrs. Palmer & Shutt, for the appellee.

Mr. Chief Justice Shope delivered the opinion of the Court:

By reference to the foregoing statement it will be seen that the pleader, by the first innuendo, seeks to charge that by the speaking of the words, which are not actionable in themselves, the defendant intended to charge the plaintiff with willfully and corruptly, for his own gain, neglecting and failing to so demean himself as to advance the objects set forth in the inducement, and a like corrupt failing to promote the best interests of the persons working in and around coal mines in this State, and willfully and corruptly, and for his own gain, refusing to promote harmony, as to work and wages in said occupation, among persons working in and around coal mines in this State; and by the second innuendo, to charge the

plaintiff with willfully, corruptly, and for his own gain, permitting himself, while president of the said association, to be employed by the coal company named, for the purpose of interfering with and retarding said objects of said association, and for the purpose of injuring the best interests of the persons working in and around coal mines in Illinois, and for the purpose of producing absence of harmony as to work and wages, etc., contrary to his duty as president of said association ; and by the third innuendo, to charge that the plaintiff, while so being president of said association, accepted employment with said coal company, to keep up an agitation among the persons working in and around the coal mines in central Illinois, to the prejudice of their best interests, and to the destruction of harmony, as to work and wages, between them and persons working in and around coal mines in northern Illinois, so as to diminish and prevent the mining of coal in the coal mines of central and southern Illinois, and so enable the mine owners in northern Illinois to control the trade in coal.

It is quite apparent that the pleader has made the innuendoes perform the office of the inducement and colloquium. It is not permissible to enlarge and extend the meaning of the words spoken, beyond their natural import, by the innuendo, except so far as such enlarged meaning is warranted by prefatory matter set forth in the inducement or colloquium. An innuendo is properly used to point the meaning of the words alleged to have been spoken, in view of the occasion and circumstances, whether appearing in the words themselves, or extraneous prefatory matters alleged in the declaration. It is explanatory of the subject matter sufficiently already stated, and it can not extend the natural meaning of the words unless there is something averred in the prefatory part of the declaration for it to explain, or to which it may properly extend them. Starkie on Slander, (Wood's notes,) *355; Townshend on Slander, 161, note, and authorities cited.

Words not in themselves actionable can not be rendered so by an innuendo, without a prefatory averment of extrinsic facts which make them slanderous. (Townshend on Slander, 336.) "The office of the inducement is to narrate the extrinsic circumstances which, coupled with the language published, affect its construction and render it actionable, when, standing alone and not thus explained, the language would appear not to concern the plaintiff, or, if concerning him, not to affect him injuriously." (Ibid. 308, and note.) If, therefore, the words alleged to have been spoken are not slanderous *per se*, or if they do not refer to the plaintiff, or if they require explanation by some extrinsic matter to render them actionable, such extrinsic facts must be alleged by way of inducement, and thus render the charge intelligible and certain. The colloquium is to connect the words spoken, with the plaintiff, and with the extrinsic matters, if any, set forth by way of inducement. Starkie on Slander, *349.

By way of inducement it is alleged that the plaintiff was president of the Illinois Miners' Protective Association, by appointment thereof, and received therefor a salary, and which association was a voluntary association of all persons working in and around coal mines in this State, and that one of the objects of said association was to promote the best interests of said persons in said occupation, and to promote among them harmony as to work and wages, and that it was the duty of the plaintiff, as such president, to so demean himself as to advance the said objects and promote the best interests of said persons, and harmony among them, as to work and wages in their said occupation; and it is further alleged, that the plaintiff, while such president, faithfully and honestly discharged his said duty, and dealt honestly and fairly with all such persons, and never was guilty of the offenses and misconduct imputed to him by the defendant, or suspected thereof, etc., and had acquired the esteem of his neighbors, and of said association, and of the persons composing the same. It is

then charged, that the defendant, knowing the premises, for the purpose of injuring the plaintiff in his good name and reputation, and of bringing the plaintiff into disrepute, etc., as president, etc., in a discourse had of and concerning the plaintiff, and of his execution of his said office of president, falsely, etc., spoke and published the defamatory words, etc.

It seems like a work of supererogation to attempt to demonstrate that the innuendoes are not warranted by the matter of this inducement. Whether agitation in respect to work and wages was for the best interests of the individuals working in and around the coal mines of this State, is not stated. Nor, indeed, is there anything stated in respect of what is and is not for their best interests. It is not shown, in any way, that if the plaintiff had been guilty as charged in the language alleged to have been used by the defendant, it would have operated to the prejudice of the association or of the persons engaged in mining, or that the use of the language could have operated to the prejudice of the plaintiff. The duties of the plaintiff are alleged to be, to so demean himself as to advance the objects of the association, and promote harmony, as to work and wages, among the persons in said occupation. It may be, for aught that is alleged, that such object would be attained by the agitation so frequently resorted to, and which it is alleged the defendant charged that plaintiff was guilty of. Indeed, there is nothing that justifies the meaning sought to be put upon the words spoken, by either of the innuendoes.

Again, the association is alleged to be a voluntary one, and it is not shown that the plaintiff is entitled to any fees, salary or emoluments, of which he was deprived by reason of the defamatory words alleged. It is alleged, in general terms, that at the time the defendant committed the grievances complained of, the plaintiff had held, used and exercised the office of president in said association, and received and enjoyed a salary therefrom of $100 per month. But it is not stated that he was in any way lawfully entitled to receive from this vol-

untary association any compensation or to exercise said office, after the speaking of the alleged defamatory words,—that is to say, there is no such title to the office shown as would justify the averment that he had "been exposed to the loss of his said office as president of said association, and the emoluments thereof."

In our judgment the demurrer was properly sustained, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*