EMMA CARLSON *vs.* MINNESOTA TRIBUNE COMPANY.

November 13, 1891.

Libel—Insufficient Complaint.—*Held*, in action for libel, that the complaint failed to state facts sufficient to constitute a cause of action.

Action for libel, brought to the district court for Hennepin county, with damages laid at $5,000. Defendant appeals from an order by *Hicks*, J., overruling its demurrer to the complaint.

*Rea, Miller & Torrance*, for appellant.

*Noyes & Smith*, for respondent.

COLLINS, J. Action for libel alleged to have been perpetrated by a publication in defendant's newspaper. A demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, was interposed and overruled. In the pleading, following general averments as to the corporate capacity and business of the defendant, was the alleged libellous article as published and in full. In order that our views as to the insufficiency

of the complaint may be understood it seems essential that the entire article, although lengthy, be repeated. It was as follows:

## "HE SAVED THE GIRL.

### "A STRANGE AFFAIR IN A HENNEPIN AVENUE BOARDING-HOUSE.

"The door-bell of a Hennepin-Avenue boarding-house rang the other night. It had rung often before, and on the very same night, too; but on all the former occasions when the front door was opened some one was found on the other end of the bell-cord. But this time the male proprietor of the boarding-house, who answered the bell, found the front steps deserted, and not a soul in sight. A piece of paper lay upon the door-sill. The proprietor picked it up, went inside, and read the following surprising communication: 'Will you kindly allow the girl that Mrs. Carlson engaged to work for her to come over to 631 Hennepin avenue for a few moments. I understand that Mrs. Carlson has been insulted by you or some one in the house. My advice to you is to let her come, as it will probably save you considerable trouble. E. H. MURRAY, JR.' He had no sooner finished reading the note than the door-bell rang again. Again he opened the door, and again found no one there; but upon going out into the street he saw two policeman and a woman talking together. A moment later they approached the house. As soon as they were in front of it one of the policemen said: 'You have a girl in this house who wants to go away.' The proprietor answered that that was the first he knew of it. 'But this woman here says you have. She says you are keeping the girl a prisoner in your house.' 'She does, eh? Well, I can't understand it. Come in, and I'll ask my wife, who has charge of the household affairs.' The proprietor's wife was seen, and denied the story, but related another, which put the woman who made the charge in an awkward situation. 'There is a girl here,' she said, 'a country girl, who has been solicited by this woman to go to a certain place. I advised the girl not to go, for I suspected something wrong. I think she is trying to entice the girl to a bad place.' This angered the woman, and she made a sharp reply, whereupon the proprietor of the house said to her: 'Do you

want me to tell the officers what I know of you ?' This silenced the woman, and made her exit. The girl employed at the house told the officers that she was not detained against her will, and that she did not care to go with the woman."

Preceding the article as set forth in the pleading was the bare statement that it was published of and concerning the plaintiff, and immediately following it was the allegation that in so publishing the article the defendant intended to be understood and was understood to charge that the plaintiff was a procuress, and guilty of the crime of enticing young girls into a house of ill-fame or of assignation. These were the only allegations whereby the plaintiff attempted to connect herself with the article.

It will be noticed that the plaintiff, Emma Carlson, was not mentioned in the article by name, nor was any other female, except the Mrs. Carlson whose name was used by Murray in his note. If the plaintiff, Emma, was or had been a married woman, and therefore known or entitled to be called Mrs. Carlson, or if she was the female referred to in the somewhat portentous missive signed by Murray, the fact was not alleged; and if this defect could be overcome it nowhere appears in the pleading that Mrs. Carlson, or the plaintiff, was the woman concerning whom, it is said, the proprietor's wife made the objectionable remark to the effect that she was attempting to entice a girl from the country into a house of questionable character. It is obvious from a perusal of the article that, if any person had cause for complaint at its publication, it was this woman, and her identity has not been disclosed. By reason of the plaintiff's surname, Carlson, it might be inferred, perhaps, that she was the Mrs. Carlson of whom the newspaper made mention, but, so far as has been made to appear, in no actionable manner. Or, through the aid of the allegations before mentioned, by which the pleader evidently supposed he was connecting plaintiff with the publication, it might be surmised, possibly, that she was in fact the woman who came with the policemen, and of whom the derogatory remark seems to have been made. But the sufficiency of a pleading as against a general demurrer cannot be made to depend upon what may be inferred or surmised from the allegations.

Attention is called to Gen. St. 1878, c. 66, § 115, which has made a material change in the practice. The averments and *colloquium* formerly material when a person had been so ambiguously described that, without the aid of extrinsic facts, his identity could not be ascertained, are no longer necessary; but the complaint must show that the alleged libel was published of some person in some way designated or indicated, so that reference may be made to it by the pleader as applicable to the plaintiff. The actionable quality of the matter published *as respects the plaintiff* must be shown. *Smith* v. *Coe*, 22 Minn. 276; *Petsch* v. *Dispatch Printing Co.*, 40 Minn. 291, (41 N. W. Rep. 1034.) In omitting to allege that the plaintiff was the unnamed woman mentioned in the newspaper article the complaint was defective.

Order reversed.