HENRY E. TIEPKE *vs.* TIMES PUBLISHING COMPANY.

PROVIDENCE—JULY 14, 1897.

PRESENT: Matteson, C. J., Stiness, J.

If, in an action for libel, the article complained of be susceptible of the alleged meaning, it is for the jury to determine whether the language was so used.

If an innuendo go beyond the language used, or any suggestion to be legitimately drawn therefrom, it is to that extent bad.

A demurrer to a declaration alleging the publication to have been false and malicious, admits this allegation, and the defence that it was privileged cannot be made on demurrer.

ACTION of trespass on the case for libel.  Certified from the Common Pleas Division, and heard on substantial demurrer to the declaration.

MATTESON, C. J.  This is an action of trespass on the case for libel.  The defendant demurs to the declaration on two grounds :  (1) Because the article complained of contains no libelous matter ; and (2) because at the time of the publication of the article claimed to be libelous the plaintiff was a public officer and a candidate for re-election to the office held by him, and that the words alleged to be libelous were proper criticism and privileged.

While the article does not in direct terms make the accu-

sation that the plaintiff was guilty of malfeasance in office, in accepting money from horse pool-room men, roulette keepers and liquor dealers, in return for his protection of them against violations of law, it is possible to construe it as insinuating such charge. Whether the language complained of was so used is a question for the jury. If so used, it was clearly libelous. *State* v. *Spear,* 13 R. I. 324; *Weed* v. *Foster,* 11 Barb. 203 ; *Powers* v. *Dubois,* 17 Wend. 63.

In so far as the innuendo, in connection with the statement that the plaintiff had been closeted with Briggs, states the purpose to have been to give Briggs protection, in return for his political support and influence in the election, it goes beyond the meaning of the language complained of, or any suggestion to be legitimately drawn from it, and to that extent is bad. *Hackett* v. *Providence Telegram Publishing Co.,* 18 R. I. 589.

The declaration avers that the publication was false and malicious, and the demurrer admits it to be so. If libelous, therefore, the defence that it was proper criticism of a candidate for public office, and consequently privileged, cannot be made on demurrer. *Morrison-Jewell Filtration Co.,* v. *Lingane,* Index RR. 144, 146, 147. Officers and candidates may be canvassed, but not calumniated. *Seely* v. *Blair,* Wright (O.), 358 ; *Powers* v. *Dubois,* 17 Wend. 63 ; *Weed* v. *Foster,* 11 Barb. 203 ; *Root* v. *King,* 7 Cow. 613 ; *Brewer* v. *Weakley,* 2 Overt. (1–2 Tenn.) 99 ; *Bailey* v. *Kalamazoo Publishing Co.,* 40 Mich. 251, 253, 257 ; *Harwood* v. *Astley,* 4 Bos. & P. 47.

Demurrer overruled, and case remitted to Common Pleas Division for further proceedings.

*Frank W. Tillinghast and Benjamin M. Bosworth,* for plaintiff.

*Joseph Osfield, Jr., Arnold Green and Theodore F. Green,* for defendant.