**The People of the State of Illinois, Defendant in Error, v. Arthur Keithley, Plaintiff in Error.**

**Gen. No. 5309.**

1. . SLANDER AND LIBEL—*what constitutes inducement of indictment.* The inducement is that part of an indictment for libel not *per se* defamatory which alleges those extrinsic facts which are necessary to explain the meaning of the words used and to show them to be injurious in effect.

2. SLANDER AND LIBEL—*when indictment charging, of deceased person, sufficient.* An indictment charging a libel of a person deceased is sufficient if its averments are in the language of the Criminal Code.

3. SLANDER AND LIBEL—*what constitutes innuendo of indictment.* The innuendo is that part of the indictment for libel which explains the defendant's meaning by reference to the antecedent matter alleged in the indictment. It is a statement of the meaning attributable to the words of the publication, and the authorities are uniform that an innuendo cannot supply the place of an inducement in the pleading of a libel not injurious on its face.

Prosecution for libel. Error to the County Court of Peoria county; the Hon. WILBERT I. SLEMMONS, Judge, presiding. Heard in this court at the April term, 1910. Reversed. Opinion filed October 18, 1910.

ARTHUR KEITHLEY, plaintiff in error, *pro se.*

ROBERT SCHOLES, for defendant in error; JOSEPH A. WEIL and H. E. PRATT, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Arthur Keithley, plaintiff in error, was indicted by the grand jury of Peoria county for libel of the memory of David McCullough, deceased; the indictment was certified to the County Court. No motion to quash was made, and on a trial he was found guilty. Motions for a new trial and in arrest of judgment were overruled, and a fine of $200 was assessed against the defendant. The defendant has sued out this writ of error to review that judgment.

The indictment consists of five counts. The first count avers "that Arthur Keithley on the 21st day of April, 1908, at and within the county aforesaid, unlawfully and maliciously contriving and intending to vilify and blacken the memory of one David McCullough, said David McCullough being a person deceased, and to bring the memory of said David McCullough into public scandal and disgrace, unlawfully, maliciously and willfully did compose and publish and cause and procure to be composed and published a certain

false, scandalous and malicious and defamatory libel of and concerning the said David McCullough aforesaid, and caused and procured the said false and scandalous, malicious and defamatory libel to be printed in a certain alleged court proceedings, entitled Brief and Argument for and by appellant, in the Appellate Court, State of Illinois, Second District, April term, 1908, wherein Arthur Keithley appellant, v. John S. Stevens et al., appellees, appeal from Circuit Court of Peoria county, with intent to circulate and publish and afterwards did circulate and publish the said false, malicious and defamatory libel of and concerning the said David McCullough in said county of Peoria, State of Illinois, which false, scandalous, malicious and defamatory libel of and concerning the said David McCullough among other things is as follows:'' The substance of the libel is that Keithley had begun a number of libel suits against the Peoria Star and certain named persons and had procured indictments to be returned against the said parties for libel, and while such proceedings were pending and to prevent a conviction, said parties entered into a conspiracy to procure the disbarment of Keithley and paid the costs of such disbarment proceeding and subpoenaed and suborned witnesses to testify against Keithley and committed perjury and paid a portion of a corruption fund provided by themselves and bribed the commissioner (meaning David McCullough) to make an unfavorable report against said Keithley by paying him (meaning David McCullough) money, and that such report was made by him in consequence of which Keithley was disbarred. The court concludes with the averment that all of the foregoing false and defamatory matter was then and there written and published by said Arthur Keithley to the great damage, scandal and disgrace of the memory of the said David McCullough. The other counts are very similar.

Plaintiff in error contends that the indictment is insufficient to sustain a conviction for the reasons (1)

that an indictment for a libel vilifying the character of a deceased person must aver that it was published with a design to bring contempt on the family of the deceased or to stir up the hatred of the people against them or to excite them to a breach of the peace; (2) that the name of the deceased person is not mentioned in the libelous article and the indictment contains no allegation of extrinsic facts or circumstances showing the connection between the libel and the party alleged to be libelled.

As to the first contention of the plaintiff in error, the Criminal Code defines the offense as follows: "A libel is a malicious defamation, expressed either by printing, or by signs or pictures or the like, tending to blacken the memory of one who is dead, or to impeach the honesty, integrity, virtue or reputation or publish the natural defects of one who is alive, and thereby expose him to public hatred, contempt, ridicule, or financial injury."

All the statute requires to make a publication a libel on a deceased person is that it tends to blacken the memory of one who is dead; the remainder of the definition of libel is concerning a living person. If the contention of the appellant be true, then notwithstanding the statute, a deceased person who did not happen to leave a family could not be libeled no matter how base or wicked the publication might be. We hold that the allegation criticised, being in the language of the statute, is sufficient.

Concerning the other contention, the indictment is totally lacking in what is called inducement. The inducement is that part of an indictment for libel not *per se* defamatory which alleges those extrinsic facts which are necessary to explain the meaning of the words used and to show them to be injurious in effect. Newell on Libel and Slander, 603. It is contended by appellee that the necessary inducement is supplied in that part of the indictment which is called the "innuendo." The innuendo is that part of the indictment for libel which explains the defendant's mean-

ing by reference to the antecedent matter alleged in the indictment. It is a statement of the meaning attributable to the words of the publication, and the authorities are uniform that an innuendo cannot supply the place of an inducement in the pleading of a libel not injurious on its face. These rules are announced in 13 Encyc. Pl. & Pr. 99; Follard's Starkie on Slander and Libel, 700 (star paging); Newell on Libel and Slander, 613; Chitty on Pl. 401; McLaughlin v. Fisher, 136 Ill. 111; State v. Grinstead, 62 Kans. 593; Miller v. Maxwell, 16 Wend. 9; Linnville v. Earlywine, 4 Blackf. 469; Carter v. Andrews, 16 Pick. 1; Beswick v. Chappel, 47 Ky. 486; Holton v. Muzzy, 30 Vt. 365; Dorsey v. Whipps, 8 Gill. 457; Salvatelli v. Ghio, 9 Mo. App. 155; Smith v. Coe, 22 Minn. 276.

The name of the deceased is not mentioned in the publication, and the publication was therefore not in itself libelous of the memory of David McCullough. There are neither any facts alleged nor is there any inducement averred which make the publication applicable to the deceased, and as stated before an innuendo cannot take place of the inducement. The indictment should have averred the disbarment proceedings against Keithley and that the commissioner appointed therein was David McCullough, with such extrinsic facts and circumstances as would render the application of the alleged libel clear and unequivocal.

The indictment was defective in that it failed to state an offense, by reason of the failure to state facts in the inducement which would constitute a libel on the memory of David McCullough, deceased. The motion in arrest should have been sustained. Gardner v. People, 3 Scam. 84; Kerr v. People, 42 Ill. 307; Carter v. Andrews, 16 Pick. 1; Edgerly v. Swain, 32 N. H. 478; Merritt v. Dearth, 48 Vt. 65.

For the error in overruling the motion in arrest, the judgment is reversed.

*Reversed.*