## NORTHROP v. TIBBLES.

### (Circuit Court of Appeals, Seventh Circuit. April 14, 1914.)

### No. 2035.

1. **LIBEL AND SLANDER (§ 82\*)—REFERENCE TO PLAINTIFF—PLEADING.**

Where an alleged libelous letter did not name plaintiff as the person intended to be libeled, a declaration, failing to charge that the recipient of the letter, or any other third person, understood the libelous matter to refer to plaintiff, was demurrable; it being insufficient to charge merely that defendant wrote and published the letter of and concerning plaintiff.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 187–197; Dec. Dig. § 82.\*]

2. **LIBEL AND SLANDER (§ 21\*)—ELEMENTS OF INJURY—INJURY TO REPUTATION.**

Since the gist of an action for libel is not injury to plaintiff's feelings, but damage to his reputation, it is insufficient to constitute a libel that plaintiff knew that he was the subject of the article, or that defendants knew of whom they were writing, but it must appear on the face of the declaration that persons other than these must have reasonably understood that the article was written of and concerning plaintiff, and that the so-called libelous expressions referred to him.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 103; Dec. Dig. § 21.\*]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois; George A. Carpenter, Judge.

Action by Florence C. Northrop against Charles E. Tibbles. Judgment for defendant, and plaintiff brings error. Affirmed.

William M. Marshall, for plaintiff in error.

A. F. Reichmann, of Chicago, Ill., for defendant in error.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

BAKER, Circuit Judge. To plaintiff in error's declaration for libel a demurrer for want of facts was sustained, plaintiff declined to amend, and judgment for defendant was entered.

Many objections are urged by defendant; but, if the declaration is deficient in any material respect, the judgment must be affirmed.

[1] So we may assume that the letter written and mailed by defendant to a third person contains matter libelous per se (though this is strenuously controverted), that defendant intended to defame plaintiff, and that plaintiff, when she somehow obtained a copy, applied the libel to herself. But the letter does not name plaintiff as the person intended to be libeled; and the declaration fails to charge (either as a conclusion of fact, if such pleading is permissible, or by an exhibition of extraneous facts that have the necessary effect of showing) that the recipient of the letter, or any other third party, understood the libelous matter to refer to plaintiff.

[2] To allege that defendant wrote and published (by mailing) the letter "of and concerning plaintiff" is not enough. As this court said in Duvivier v. French, 104 Fed. 278, 43 C. C. A. 529:

"The gravamen of an action for libel is not injury to the plaintiff's feelings, but damage to his reputation in the eyes of others. * * * It is not enough, to constitute libel, that the plaintiff knew that he was the subject of the article, or that the defendants knew of whom they were writing; it must appear upon the face of the declaration that persons other than these must have reasonably understood that the article was written of and concerning the plaintiff, and that the so-called libelous expressions related to him."

See, also, Robinson v. Drummond, 24 Ala. 174; De Witt v. Wright, 57 Cal. 576; Patterson v. Edwards, 7 Ill. (2 Gilman) 720; McLaughlin v. Fisher, 136 Ill. 111, 24 N. E. 60; McCallum v. Lambie, 145 Mass. 234, 13 N. E. 899; Carlson v. Minnesota Tribune Co., 47 Minn. 337, 50 N. W. 229; Miller v. Maxwell, 16 Wend. (N. Y.) 9; Sasser v. Rouse, 35 N. C. 145; Dunlap v. Sundberg, 55 Wash. 609, 104 Pac. 830, 133 Am. St. Rep. 1050.

As plaintiff refused to plead the necessary additional facts, we must believe that (but for the filing of her present declaration) her reputation with the world at large remained as good as if the letter had been written in a code unknown to any one except defendant and herself.

The judgment is affirmed.