CARRIE L. DAVIES *vs.* HIRAM M. LYON, impleaded, etc.

## February 16, 1887.

Sale of Real Estate by Special Agent—Fraud of Agent—Liability of Principal to Purchaser.—D., the special agent of L., constituted for the particular and sole purpose of selling lot *five,* for the purpose of inducing plaintiff to buy, fraudulently showed her lot *seven* (a lot of greater value) as being lot 5. Relying on the representation as true, plaintiff purchased and received a deed of lot 5, believing it to be the lot pointed out to her by D. L. neither knew of, authorized, nor ratified this fraud on the part of his agent. Plaintiff never demanded, and L. never refused, a rescission of the contract and restitution of the purchase-money. *Held,* that plaintiff could not maintain an action against L., to recover the difference in value between the two lots as damages for the fraud of the agent in effecting the sale; that her only remedy against L. was to demand a rescission of the contract, and repayment of the purchase money.

This action being at issue on the complaint and the answer of defendant Lyon, and being brought on for trial in the district court for Hennepin county, before *Lochren,* J., the defendant Lyon moved for judgment on the pleadings. The motion was granted, judgment was entered, and the plaintiff appealed.

*J. N. Bearnes,* for appellant.

*George E. Sutherland,* for respondent.

MITCHELL, J. The complaint alleges that defendant Dexter was the agent of defendant Lyon, and as such undertook to sell plain-

tiff lot *five*, in block six, in Baker's second addition to Minneapolis. Construed most favorably for plaintiff, this can only be held to mean that Dexter was the special agent of Lyon, constituted for the particular and sole purpose of selling this lot 5.

The complaint further alleges that, to induce plaintiff to buy, Dexter falsely and fraudulently pointed out and showed her another lot (lot 7) as being lot 5; that, relying on these representations as true, plaintiff made the purchase, and received from Lyon a deed of lot 5, believing it to be the lot pointed out to her by Dexter. Lot 7 was worth $1,100, whereas lot 5 was worth only $500, and plaintiff brings this action to recover the difference between the values of the two lots as damages for the fraud thus practised upon her by Dexter.

There is no allegation that Lyon either knew of, authorized, or ratified this fraud on part of his agent, or that plaintiff has ever demanded, or that Lyon has ever refused, a rescission of the contract and restitution of the purchase-money, which would put plaintiff in the same position as before the contract. What plaintiff proposes to do is to ratify the bargain by keeping lot 5, (which for anything that appears was worth all she paid for it,) and sue Lyon for the difference in value between this lot and the one she supposed she was getting.

Whether an action in tort will ever lie against the principal for misrepresentation of the agent, known by the agent to be false, but not by the principal, is a question which has given rise to considerable discussion and some conflict of opinion. See Benj. Sales, §§ 697–709; Bigelow, Lead. Cas. Torts, 34; 8 Am. Law Rev. 631.

When an agent, in the course of a principal's business, and within the scope of his agency, has been guilty of negligence, trespass, or the like, the principal is liable in an action for damages, and the amount of the recovery in such cases is co-extensive with the injury sustained by the plaintiff in the action, and is not limited to the amount of benefit received by the principal from the tort of his agent. We fail to see any sensible distinction in this respect between a case of fraud and that of any other tort; and the authorities generally hold that an action for damages for the deceit of the agent will lie

against the principal. This proceeds, not on the ground of any imputation of vicarious fraud to the principal, but upon the familiar doctrine of the law of agency,—*respondeat superior.* Story, Ag. § 452; Add. Cont. 94; *Hern* v. *Nichols,* 1 Salk. 289; *Locke* v. *Stearns,* 1 Met. 560, (35 Am. Dec. 382;) *White* v. *Sawyer,* 16 Gray, 586; *Jeffrey* v. *Bigelow,* 13 Wend. 518, (28 Am. Dec. 476;) *Sandford* v. *Handy,* 23 Wend. 260; *Bennett* v. *Judson,* 21 N. Y. 238; *Durst* v. *Burton,* 47 N. Y. 167; *Rhoda* v. *Annis,* 75 Me. 17; *Udell* v. *Atherton,* 7 Hurl. & N. 172; *Barwick* v. *English Joint-Stock Bank,* L. R. 2 Exch. 259; *Swift* v. *Winterbotham,* L. R. 8 Q. B. 244; *Mackay* v. *Com. Bank of N. B.,* 30 Law T. (N. S.) 180; *Swire* v. *Francis,* 3 App. Cas. 106.

That the case of *Western Bank of Scotland* v. *Addie,* L. R. 1 Sc. App. 145, does not lay down a general proposition as to all contracts, but was intended to be confined to the particular and peculiar facts of the case, is evident from what is said in the subsequent case of *Houldsworth* v. *City of Glasgow Bank,* 5 App. Cas. 317. See, however, *Kennedy* v. *McKay,* 43 N. J. Law, 288.

But, while we think that an action in tort for damages may be maintained against the principal for the fraud of his agent, yet we are all agreed that, upon the facts of this case, no such action can be sustained, and that plaintiff's only remedy against defendant Lyon would be to rescind the contract, and reclaim the purchase-money. The ground upon which the majority of the court place this conclusion is that Dexter was only a special agent constituted for the particular and sole purpose of making sale of lot 5, and that plaintiff was bound to know that his agency extended only to the sale of the lot which was lot 5 in fact; that his fraudulent representation that lot 7 was lot 5 was not within the scope of his agency, and that, therefore, Lyon, the principal, was not liable therefor. This being the view of my brethren, the somewhat different line of reasoning by which I arrive at the same result becomes unimportant.

Judgment affirmed.