PRENTISS M. CLARK *vs.* JAMES L. LOVERING and others.

June 15, 1887.

Pleading—Joint Demurrer.—A joint demurrer by several defendants to a complaint for insufficiency is bad, where the complaint states a cause of action against any of the defendants.

Principal and Agent—False Representations—Liability of Agent.— Where an agent of the owner of property makes representations as to its character and condition, which are relied on by a purchaser, to his prejudice, and which are in fact false and fraudulent, and unqualifiedly made by such agent as of his own knowledge, the purchaser may maintain an action against him for damages.

Appeal by defendants from an order of the district court for Ramsey county, *Brill*, J., presiding, overruling their joint demurrer to the complaint.

*Henry L. Williams*, for appellants.

*Gordon E. Cole* and *S. P. Crosby*, for respondent.

VANDERBURGH, J.    1. The defendants all unite in a general demurrer to the complaint for insufficiency.    If, therefore, the complaint states

[1] Berry, J., being absent, took no part in the decision of this case.

a good cause of action against any of the defendants, the demurrer cannot be sustained. Pom. Rem. § 291; *Lewis* v. *Williams*, 3 Minn. 95, (151.)

2. The allegations as respects the fraud of the defendants Linden and Ham in procuring the property turned out by plaintiff in part-payment of the purchase price of the lots in question are sufficient to make out a cause of action against them. It is alleged that they made the representations in order to induce plaintiff to make the purchase, and turn over the property as part-payment, and that they falsely and fraudulently represented the situation and condition of the lots, and that they were high and dry, eligible lots for building, and that they showed plaintiff certain lots of this character which they falsely and fraudulently represented were the lots bargained for; that such representations were relied on by plaintiff in consummating the purchase, and parting with his property; that the representations were false, and the lots shown were not the lots designated in the contract, and were not eligible building lots, but were low and marshy, and not worth more than half as much as those shown plaintiff, which they as such agents had in fact no authority to sell.

The alleged representations must be taken to have been made by them as of their own knowledge. They were unqualified affirmations, touching matters susceptible of knowledge, falsely and fraudulently made to induce plaintiff to act on them, and it appears he did so act thereon to his prejudice. *Stone* v. *Denny*, 4 Metc. 151; *Wilder* v. *De Cou*, 18 Minn. 421, (470;) *Merriam* v. *Pine City Lumber Co.*, 23 Minn. 314, 324; *Busterud* v. *Farrington*, 36 Minn. 320, (31 N. W. Rep. 361.)

A cause of action is stated against the agents, the defendants Linden and Ham, and as against the defendant Lovering enough appears at least to entitle the plaintiff to a restitution of the property received by him, (*Davies* v. *Lyon*, 36 Minn. 427; 31 N. W. Rep. 688, or the value thereof. The misjoinder of these causes of action (if any) cannot be considered upon the general demurrer for insufficiency.

Order affirmed.