JAMES E. WHITCOMB v. LEON H. HARDY and Others.[1]

May 19, 1897.

Nos. 10,429—(80).

### Res Judicata—Pleading.

In pleading the defense of res judicata, it is sufficient to state, without giving details, that the facts alleged in the complaint in the former action were the same facts set forth in the complaint in the pending action.

### Same—Who May Urge.

The objection that a prior adjudication, pleaded as an estoppel, was between other and additional parties, is not well taken if both the person making the objection and the one pleading the former judgment were parties to the former action. But a party to the pending action, who was not a party to the former one and bound by the adjudication therein, is not entitled to plead such adjudication as an estoppel against one who was and is a party to both actions.

### Joint Answer.

A joint answer must be good as to all of the defendants. If it does not state a defense, as to all of them, it is bad as to all.

Appeal by plaintiff from an order of the district court for Hennepin county, Belden, J., overruling a demurrer to certain subdivisions of the answer. Reversed.

*S. A. Reed*, for appellant.

*Flannery & Cooke*, for respondents.

The objection that a prior adjudication pleaded as an estoppel was between other parties is not well taken when it appears that the person making the objection was a party to the former suit, though in connection with other persons who were also parties thereto. Larum v. Wilmer, 35 Iowa, 244; French v. Neal, 24 Pick. 55; Brizendine v. Frankfort, 2 B. Mon. 32; Hawkins v. Lambert, 18 B. Mon. 99; Lawrence v. Hunt, 10 Wend. 80; Dows v. McMichael, 6 Paige Ch. 139; Miller v. Manice, 6 Hill, 114; Hanna v. Read, 102 Ill. 596; Davenport v. Barnett, 51 Ind. 329; Wilson v. Buell, 117 Ind. 315; Girardin v. Dean, 49 Tex. 243; Wright v. Griffey, 146 Ill. 394; Thompson v. Roberts, 24 How. 233; Green v. Bogue, 158 U. S. 478.

[1] Reported in 71 N. W. 263.

START, C. J. This is an appeal by the plaintiff from an order overruling his demurrer to the subdivisions of the answer hereinafter set forth. The complaint alleges, with other facts, that he and his sister, the defendant Jennie A. W. Hardy, were the owners, as tenants in common, of certain real estate described therein; that on and prior to January 29, 1891, the plaintiff was an habitual drunkard, and by reason thereof of unsound mind, and totally incapable of caring for his property or himself; that the defendant Griffin then and for a long time had been his attorney in fact, had complete control of his property, and that he was in all respects subject to the will and influence of Griffin; that while in this mental condition, and on the day stated, the defendants the Hardys and Griffin conspired to and did defraud him, by wrongfully inducing him to consent to a division of such real estate, except certain parcels, with his sister, to his damage in the sum of $25,000; that they also, in like manner, induced and procured him to make two notes, and secure them by mortgages, one for $42,500, the other for $2,500, on the excepted parcels of real estate, to Mary T. Atherton; and that she assigned the notes and mortgages to the defendant trust company. The relief prayed for is the cancellation of the mortgages, and for the recovery of $25,000 damages.

The defendants answered, denying all charges of fraud and conspiracy, also that the plaintiff was mentally incompetent when he executed the mortgages. The here material portions, subdivisions three and four, of the answer are as follows:

"(3) For a further answer to the complaint of the plaintiff, the defendants allege that heretofore an action was duly commenced in this court wherein James E. Whitcomb was plaintiff, and Jennie A. W. Hardy, Leon H. Hardy, Mary T. Atherton and the Minneapolis Trust Company were defendants, in which action the same facts were alleged and set forth in plaintiff's complaint therein as are alleged and set forth in his complaint in this action; that the defendants appeared and answered in said action; that such proceedings were thereupon had that afterwards, to wit, on the 11th day of January, 1895, judgment was duly rendered on the merits dismissing the plaintiff's complaint, as will more fully and at large appear by the records and files in said cause, reference to which is hereby made for greater certainty and particularity. (4) That in said action the court made certain findings of fact and conclusions of law, a copy of which is hereto attached, marked 'Exhibit A,' and made a part hereof; that,

upon the findings of fact and conclusions of law so made therein, judgment was duly rendered in favor of the defendants and against the plaintiff, and because thereof the plaintiff is estopped to again litigate the questions of fact involved in, and determined by the court in, said action."

The plaintiff claims in support of his demurrer to the portion of the answer quoted that it is insufficient because it does not set forth in detail the facts that were alleged in the complaint in the first action, so that the court may decide by comparison whether the facts claimed in the two actions were the same; that the allegation of the answer to the effect that the facts in the two cases were identical is a conclusion, and not an allegation of fact. The claim is without merit, for the answer alleges the ultimate facts to be proven on the trial, viz. that the facts set forth in the complaint in this action are the same facts alleged in the complaint in the former action, in which there was a judgment on the merits dismissing the action. These ultimate facts constituting the former adjudication are properly alleged, in form and substance, in the answer.

The further claim is made that the part of the answer demurred to does not state a defense, because the defendant Griffin was not a party to the former action. It is admitted by the demurrer that the facts set up in the complaint in this action and in the complaint in the former action are the same; that is, it is admitted that the alleged conspiracy and fraud were the same in each case, and that the conspiracy was carried into execution and the fraud perpetrated in each case in the same way, and with the same results, that is, by fraudulently taking advantage of the plaintiff's mental unsoundness to deprive him of his property, and, further, that the former action, after a trial, was dismissed on the merits. Such being the case, it is clear that the fact that an additional party defendant has been brought into this action does not affect the former judgment as an estoppel in this action as to the defendants herein who were parties to the former action. As against them, the plaintiff cannot object that the parties are not the same in this action; for the fact remains that he and they were parties to the former action, and all are bound by the judgment therein.

Whatever doubts there may have been on the question at one time, it is now settled that the objection that a prior adjudication pleaded as an estoppel was also between other parties is not well taken when

it appears that the person making the objection was a party to the former action as well as the party pleading the former judgment. All that is required in relation to parties in this respect is that the parties to the pending action were before the court in the previous one, and bound by the judgment, no matter how many other parties there were in the former or in the pending action. But, except in the case of privies and mere nominal parties, the rule does not extend to parties to the action who were not also parties to the former action; for estoppels must be mutual, and both litigants must be alike concluded, or the proceedings in the prior action cannot be set up as conclusive upon either. 1 Freem. Judgm. §§ 159, 161; 2 Black, Judgm. §§ 543, 548; Lawrence v. Hunt, 10 Wend. 80, 25 Am. Dec. 539, and notes; Larum v. Wilmer, 35 Iowa, 244; Richardson v. Jones, 58 Ind. 240; Thompson v. Roberts, 24 How. 233.

The part of the answer demurred to then states a defense as to all of the defendants who were parties to the former action, but Griffin was not such a party, and he would not have been bound by the judgment in that case if it had been in the plaintiff's favor; hence the plaintiff is not estopped, as against Griffin, by the former judgment. Nor does the fact that the defendants in this action are charged as joint wrongdoers render the former judgment a bar as to Griffin. Such would not have been the case even if the former judgment had been in favor of the plaintiff, as no bar would arise until the judgment was satisfied. Cooley, Torts, 159. It follows that the pleading here in question does not state a defense as to the defendant Griffin, although it does as to his co-defendants. Such being the case, the trial court erred in overruling the demurrer. It should have been sustained, for the answer was joint. A joint answer must be good as to all of the defendants. If it does not state a defense as to one of them, it is bad as to all. Clark v. Lovering, 37 Minn. 120, 33 N. W. 776; 1 Chitty, Pl. 566; 1 Enc. Pl. & Pr. 861.

Order reversed.