BETSY JOHNSON and Others v. PETER J. VELVE and Another.[1]

April 25, 1902.

Nos. 12,797—(6).

**Demurrer—Notice for Hearing.**

An issue of law arising upon a demurrer may, by virtue of G. S. 1894, § 5388, be noticed for hearing before the court in the county wherein the action is pending at any time, whether it be at a term of the court or not.

**Cancellation of Deed.**

In an action to set aside a deed or other contract on the ground that its execution was procured by fraud, undue influence or duress, the complaint must allege the ultimate facts from which such conclusion follows, but it is not necessary to allege mere evidentiary facts, by proof of which such ultimate facts are to be established.

[1] Reported in 90 N. W. 126.

Complaint Good.

> Rule applied, and *held* that the complaint herein states a cause of action.

Appeal by defendants from an order of the district court for Jackson county, Quinn, J., overruling a demurrer to the complaint. Affirmed.

*J. G. Redding* and *Wilson Borst*, for appellants.

*Knox & Faber*, for respondents.

START, C. J.

Action in the district court for the county of Jackson to set aside a deed and a transfer of real estate and personal property on the ground that they were obtained by fraud and undue influence, and without any consideration therefor.

The defendants interposed a joint general demurrer to the complaint, and the plaintiffs gave notice of trial of the issue of law so made before the court at an adjourned term thereof, to be held in the county in which the action was pending. On the day for the hearing upon the demurrer, the defendants appeared specially, and objected to such hearing and trial, on the ground that the time and place therefor had not been fixed by the court. The court proceeded to a hearing upon the demurrer, and made its order overruling it, and the defendants appealed from the order.

1. The district court did not err in hearing the demurrer over the objection of the defendants, for, in addition to its general terms, the district court is always open for the hearing of all matters brought before the court or judge thereof, except the trial of issues of fact. Laws 1868, c. 90; G. S. 1894, § 5388. This implies that an issue of law may be brought on for trial before the court at any time, whether the court is in session at a regular term or not. Whether an adjourned term is a term, within the meaning of G. S. 1894, § 5362, providing for the giving of a notice of trial eight days before the term (see Colt v. Vedder, 19 Minn. 469 [539]), we need not determine, for, in any event, the plaintiff had the right, under the provisions of section 5388, to notice the case for hearing upon the demurrer in the county in which it was pending at any time, whether it was at a term of the court or not.

The defendants insist that a demurrer can only be so heard when the court fixes the time and place therefor pursuant to the proviso of section 5227, which provides that demurrers may be brought on for argument at any time the court may fix for that purpose in any county in the judicial district in which the action is pending. This would seem to provide for the trial of an issue of law arising upon a demurrer in any county in the judicial district, even if it be not the county in which the action is pending, if the court appoints such county for that purpose. See Fallgatter v. Lammers, 71 Minn. 238, 73 N. W. 860. However this may be, section 5227 cannot be construed as in any way repealing or limiting the provisions of section 5388, for the latter was re-enacted after the adoption of the former. See Laws 1889, c. 154.

2. This brings us to the question whether the complaint states facts constituting a cause of action. Its allegations, so far as here material, are substantially these: That on September 12, 1900, John P. Velve died intestate, leaving, surviving him, his wife, the defendant Mary Velve, these plaintiffs, his daughters, and the defendant Peter J. Velve, his son, who are his only heirs at law. Prior to the making of the conveyance and transfer hereinafter set forth, he was the owner in fee of four hundred thirty-seven acres of land situated in the county of Jackson, this state. He also owned personal property of the value of $20,000. This real and personal property (which are described in the complaint) constituted all of the property owned by him at the time of making such conveyance and transfer. On August 27, 1900, and for a long time prior thereto, John P. Velve was sick and weak, physically and mentally, and at that time, and for a long time prior thereto, the defendants had obtained, and then had, a complete mastery over his mind and property. He was incompetent to manage himself or his affairs by reason of and in consequence of the influence exerted over him by the defendants. The defendants well knew the same, and, fraudulently taking advantage thereof, obtained from him, without paying any consideration therefor, conveyances to the defendant Peter J. Velve of all the real estate hereinbefore described, and also so fraudulently ob-

tained, without paying any consideration therefor, conveyances and transfers to the defendants of all of his personal property. The conveyances, though made without consideration, recite one. At the time of the execution of the conveyances and transfers, and of each of them, the grantor, John P. Velve, was of weak and unsound mind, and was induced to make, and did make, such conveyances and transfers solely through the improper and undue influence exerted over him by the defendants. The conveyances of said real estate bear date of August 27, A. D. 1900, and were recorded in the office of the register of deeds of the county of Jackson on September 17, 1900, but the conveyances and transfers of the personal property have never been recorded, as plaintiffs are informed and believe. The defendants continued to maintain a complete dominion over the mind and property of the grantor down to the time of his death, and he remained of weak and unsound mind until his death. The complaint prayed for a cancellation of the conveyance and transfer as null and void, and for general relief.

The first reason urged by the defendants why the complaint does not state a cause of action is that it does not negative the fact of any indebtedness of the grantor at the time of his death. If the conveyance is void, then title to an undivided part of the real estate vested in the plaintiffs at the death of the grantor, subject to the right of his creditors, if any there were, to have so much of it sold as may be necessary for the payment of their claims after exhausting the personal estate. The deed, if void, is a cloud upon the plaintiffs' title to the real estate, which they are entitled to have cancelled. They cannot be wrongfully deprived of their heritage by the defendants because there are claims against the estate of their ancestor.

It is also urged that the complaint does not state a cause of action against the defendant, Mary Velve. If it states a cause of action against the defendant Peter J. Velve, it is immaterial whether or not the complaint is good as to his co-defendant. The demurrer was a joint one, by several defendants; therefore, if the complaint states a cause of action against either of the defend-

ants, the demurrer was properly overruled. Clark v. Lovering, 37 Minn. 120, 33 N. W. 776.

The only other objection to the complaint is that it alleges no facts constituting undue influence, nor any facts from which the conclusion would follow that the defendants, by fraud or undue influence, procured the execution of the conveyance and transfer in question. In an action to set aside a deed or other contract on the ground that its execution was procured by fraud, undue influence, or duress, the complaint must allege the ultimate facts from which such conclusion follows; but it is not necessary to allege mere evidentiary facts by proof of which the ultimate facts are to be established. Cummings v. Thompson, 18 Minn. 228 (246); 18 Enc. Pl. & Pr. 820. The complaint in this action, liberally construed, complies with this rule. It alleges, in effect, that the grantor was of weak and unsound mind, that the defendants had complete mastery over his mind and property, that he was incompetent to manage himself or his affairs, which fact the defendants well knew, and, taking advantage thereof, they procured from him a deed and transfer of his entire property without any consideration therefor. These are allegations of ultimate facts, from which the conclusion follows that the deed and transfer were procured by fraud. If proven they will entitle the plaintiffs to a cancellation of the deed and transfer. Valentine v. Richardt, 126 N. Y. 272, 27 N. E. 255; Riggs v. American, 84 N. Y. 330.

The complaint states a cause of action against the defendant Peter J. Velve. Whether it does as to his co-defendant depends upon whether the plaintiffs have such an interest in the personal property transferred as to enable them to maintain an action to set the transfer thereof aside before administration of the grantor's estate. It is not necessary to decide this question, for it is sufficient for the purposes of this appeal that the complaint states a cause of action as to one of the defendants.

Order affirmed.