THEODORE O. LOVELAND and Another v. CHARLES GRAVEL and Another.[1]

June 9, 1905.

Nos. 14,264—(73).

**Sale—Fraud.**

Action to recover for goods sold and delivered pursuant to a written contract. *Held*, that the allegations of the answer are not sufficient to show that the execution of the contract was obtained by fraud, and that the trial court did not err in excluding evidence tending to show such fraud, nor in directing a verdict for the plaintiffs.

[1] Reported in 103 N. W. 721.

Action in the district court for Morrison county to recover $300 and interest for goods sold and delivered pursuant to a written order. The case was tried before Searle, J., who directed a verdict in favor of plaintiffs for the sum demanded. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*J. N. True,* for appellants.

*F. A. Lindbergh* and *E. P. Adams,* for respondents.

START, C. J.

Action to recover from the defendants for jewelry alleged to have been sold and delivered by the plaintiffs to them. At the close of the evidence the trial court instructed the jury to return a verdict for the plaintiffs for the amount claimed. The defendants appealed from an order denying their motion for a new trial.

The complaint alleged that on August 27, 1902, the plaintiffs, at the request of the defendants, sold and delivered to the defendants the merchandise set forth in a certain writing attached as an exhibit, and made a part of the complaint, for which the defendants promised to pay to the plaintiffs the sum of $300. The exhibit which was signed by the defendants was in effect, so far as here material, a written order on the plaintiffs for the delivery of the jewelry, giving a list thereof, of the agreed price of $300, to be paid in equal instalments in four, eight, twelve, and sixteen months; but, if paid in cash in ten days, a discount of six per cent. would be allowed. The exhibit also contained an independent agreement guarantying the defendants a certain specified average annual profit on the jewelry purchased pursuant to the contract, upon compliance by them with five specified conditions.

The answer denied each allegation of the complaint "not hereinafter specially answered." It denied that the defendants ever knowingly signed the contract made a part of the complaint, and alleged that the signature of the firm name of the defendants was obtained to a document which the defendants now believe may be the contract set out in the complaint by fraud and without consideration. It then proceeds to specify the alleged fraud, which was to the effect that the agent of the plaintiffs presented the document to one of the defendants, and falsely represented to him that the agent of the defendants in charge of their branch store had recommended and requested that they execute

the document, and that the defendant to whom the plaintiffs' agent made such representations signed the firm name of the defendants to the document. The answer, however, does not allege that the defendant relied upon the representations of the plaintiffs' agent in executing the document on behalf of his firm, nor that he could not read it, or that he was not afforded a full and fair opportunity to do so. On the contrary, it alleges that neither of the defendants ever read or heard read or knew the full contents of the document, but the same was signed under such false representations. It is so clear that the other allegations of the answer do not state a defense or counterclaim that it is unnecessary to refer to them. The reply denied the allegations of new matter in the answer. On the trial the plaintiffs made proof of the shipping of the jewelry in accordance with the written contract.

The defendant who signed the firm name to the contract was called as a witness on their behalf, and testified that he signed it. He was then asked to state what statements were made to him by the plaintiffs' agent to induce him to sign the contract. This was objected to by the plaintiffs as an attempt to vary a written contract, and not admissible under the pleadings. The court sustained the objection and similar objections to the other offers on the part of the defendants to show that the execution of the contract was obtained by fraud. When the defendants rested, the court instructed the jury to return a verdict for the plaintiffs.

The rulings of the trial court upon the several offers of evidence referred to are here assigned as error. If the answer alleged facts sufficient, if proven, to sustain a verdict that the execution of the contract was obtained by fraud, the trial court erred in excluding the offered evidence; otherwise not. The allegations of the answer are obviously insufficient, for the only representation alleged in the answer made to the defendant executing the contract was that the agent in charge of the branch store recommended and requested the execution of the contract. There is no allegation that the representation was relied upon and believed to be true, or that it was the inducing cause of the execution of the contract. True it is that there is an allegation that a false representation as to the purport of the contract was made to the agent of the defendants, but it is in no manner con-

nected with the defendant signing the contract, or any suggestion that he then knew that it had been made.    It is clear that, if all the allegations of the answer relevant to the execution of the contract were proven, they would not sustain a finding that it was obtained by fraud.   Oxford v. Nichols & Shepherd Co., 57 Minn. 206, 58 N. W. 865.   It follows that the offered evidence was properly excluded for the reason that the answer did not allege facts showing that the execution of the contract was obtained by fraud.   Even if it be conceded that the answer tenders an issue as to the delivery of the goods, the evidence is practically conclusive that they were delivered pursuant to the contract.   The trial court did not err in directing a verdict for the plaintiffs.   There was no reversible error in the other rulings of the trial court as to the admission or rejection of evidence.

Order affirmed.