# WILLIAM CRONAN v. CHARLES J. WOLFE.[1]

November 16, 1917.

No. 20,463.

**Judgment — estoppel by verdict.**

1. A former judgment based upon an issue presented in this action *held* final and a bar to retrial thereof, though the parties in the former action were not the same as in this action.

**Same — same.**

2. It is sufficient to operate as an estoppel that the present parties were adversary parties in that action with respect to the precise issue and that it was determined therein upon the merits.

**Counterclaim.**

3. A counterclaim interposed by defendant *held* without merit.

Action in the municipal court of Minneapolis to recover $200 upon a promissory note. The case was tried before Charles L. Smith, J., who directed a verdict in favor of plaintiff for $224.38. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Latham & Pidgeon,* for appellant.

*Harry Rauch* and *John Ott,* for respondent.

BROWN, C. J.

This action was brought in the municipal court of the city of Minneapolis to recover upon a promissory note for the sum of $200, in which a verdict was directed for plaintiff and defendant appealed from an order denying a new trial.

[1] Reported in 164 N. W. 1018.

By his answer defendant interposed in defense to the action: (1) A set-off in the sum of $700; and (2) a counterclaim in the sum of $75. The trial court held, on the facts presented by the pleadings and evidence, that defendant had exhausted his remedy on the set-off in a former action between the same parties, and was concluded by the judgment therein, and as to the counterclaim that the facts wholly failed to show a right of recovery. Whether the court was right in so holding presents the only substantial question on the appeal. The facts as respects both the set-off and counterclaim arise out of one and the same transaction and a brief statement thereof, without going into details, will give a sufficient understanding of the case.

1. One J. H. Low owned a tract of 610 acres of land in Murray county, and had entered into a contract by which he authorized plaintiff in this action to make a sale thereof at the net price of $24,000; plaintiff to receive for his services in the event he effected a sale a commission of $700. Plaintiff thereafter made a sale of the land to defendant for the stipulated price of $24,000, and Low subsequently made a conveyance to defendant in fulfilment thereof. At some time prior to the completion of the transaction plaintiff and defendant entered into the following writing, namely:

"Minneapolis, Jan. 9, 1915.

"Agreement by and between Chas. J. Wolfe and Wm. Cronan as follows, Chas. J. Wolfe agrees to pay Wm. Cronan the sum of five hundred dollars for his share of the profit on the J. H. Low farm of 610 acres more or less in Murray Co. Minnesota. This land lays about 8 miles from Lake Wilson. The above mentioned money to be paid in case the deal is completed and exchange made, otherwise there is nothing to be paid by either party. The price of the above lands is not to exceed $24,000 in payments as agreed on between J. H. Low and Chas. J. Wolfe.

"Signed this 9th day of Jan. 1915.

"Chas. J. Wolfe,
"Wm. Cronan."

After Low had conveyed the land in performance of the sale contract, both plaintiff and defendant made claim to the commission of $700; plaintiff under the agency contract, and defendant under the writing

above quoted. Low, while admitting his liability for the commission, declined to solve the controversy between plaintiff and defendant and refused to pay the commission to either. Plaintiff then brought suit against him in the district court of Murray county to recover the money. Upon being served with the summons in the action Low, upon an affidavit setting forth the conflicting claims of plaintiff and defendant, and expressing the willingness to pay the money to the proper party, applied to the court for an order requiring defendant herein to interplead in the action and therein present and contest his right to the money. The order was made, and in compliance therewith defendant appeared in that action and presented the identical claim now asserted in this action. Issue was joined thereon by plaintiff, and the cause proceeded to trial as a controversy between plaintiff and this defendant, resulting in a judgment against defendant, and a finding by the trial court that the facts pleaded by him as a basis for his claim to the money were not true. The facts so pleaded and litigated in that action constitute the set-off interposed by defendant in this action.

Defendant contended in the former action that the writing above set out constituted an assignment to him of the Low commission, while plaintiff claimed that the writing had no reference to that commission, but was intended to apply to a possible resale of the land by defendant, and as fixing the compensation for plaintiff's services in that behalf. The trial court, as heretofore stated, held that since the identical issue was determined in the former action, the rule of estoppel by verdict applies, barring further litigation of the issue in this action. In this it is clear, and we so hold, that the trial court was entirely right. 2 Dunnell, Minn. Dig. § 5159. It is not material that the parties were in one respect different in the former action. Plaintiff and defendant were the sole litigants in that action; defendant therein being passive and willing to abide the result of the controversy between plaintiff and the intervener. The case comes within the general rule of res judicata and the former recovery is conclusive against defendant. 2 Black, Judgments, § 504; Whitcomb v. Hardy, 68 Minn. 265, 71 N. W. 263; Sheets v. Ramer, 125 Minn. 98, 101, 145 N. W. 787.

2. Before the contract of sale had been closed by the execution of a proper deed conveying the land to defendant, it was discovered that the

son of Low was in possession of the land under a lease which did not expire for some time. Defendant, the purchaser, desired immediate possession, and it was arranged by an agreement between plaintiff and defendant that the latter should procure from the tenant a release of his leasehold interests, and that plaintiff and defendant would contribute equally to whatever amount was necessary to secure the same, not exceeding the sum of $500. Defendant made the bargain with the tenant, and agreed upon $500, for the surrender of his rights. Defendant paid his one-half of the amount, or $250; plaintiff later discharged the one-half which he assumed by the payment to the tenant of the sum of $100. This was $150 less than defendant paid, and he insists in support of his counterclaim that plaintiff is in duty bound to reimburse him to the extent of one-half of such excess, or $75. We find from the record no legal support for this claim.

Just how or by what method of persuasion plaintiff succeeded in inducing the tenant to accept $100, in discharge of plaintiff's $250 obligation does not appear. But, whatever may have been the reasons prompting the reductions, the conclusion is clear that it did not either in whole or in part enure to the benefit of defendant. Defendant made the bargain with the tenant and liability for the amount agreed upon was divided equally between plaintiff and defendant. As between them there was no joint obligation. It was wholly several, and the payment by one of the share apportioned to him would operate as a discharge of further obligation to the other. There existed no fiduciary relations between the parties, in respect to this matter, and plaintiff violated no duty he owed defendant in effecting a discharge of his obligation at a substantial discount. Whether he should pay the full amount or something less, was a matter between the tenant and plaintiff. Defendant is in no position to complain. The court was therefore correct in holding that the counterclaim was without foundation in law.

Order affirmed.