## E. M. FLICK v. ELLIS-HALL COMPANY.[1]

November 23, 1917.

No. 20,566.

**Trial — charge to jury — discretion of trial judge — new trial.**

1. A certain latitude as to the form and expression of a charge is necessarily left to the trial judge. It is not improper for him to state the reasons which called legal rules into being. He may direct the attention of the jury to the relevancy of certain evidence to particular issues, so long as the determination of such issues is left to them. Mere verbal inaccuracies in the charge will not be ground for a new trial, unless attention was called thereto before the jury retired.

**Contract — consideration.**

2. Under the facts developed at the trial the defense of want of consideration, for the contract involved in the action, was not made out.

**Cross-examination.**

3. The extent to which, upon cross-examination, inquiry may be made, concerning a witness' pecuniary interest in the claim in litigation, is left to the sound discretion of the trial court.

[1]Reported in 165 N. W. 135.

### Admission of evidence — harmless error.

4. The admission in evidence of a telegram was not a violation of the rule forbidding offers of compromise to be received, for according to the claim of plaintiff there was then no dispute as to the validity of the claim, and, furthermore, the party objecting subsequently offered the same telegram, and a response thereto, in evidence.

### Contract — defense of fraud.

5. The general allegation of fraudulent representations inducing the contract was not sufficient to admit the defense, since the false or fraudulent representations were not set out, nor was there an offer of proof so as to enable the court to determine whether any such representations constituted a defense.

Action in the district court for Hennepin county to recover $1,548, commission for services rendered pursuant to contract. The case was tried before Fish, J., who at the close of the testimony granted the motion of defendant Ellis to dismiss the action as to him and denied the motion of plaintiff for a directed verdict, and a jury which returned a verdict for the amount demanded. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*George T. Simpson* and *Hall, Alexander & Purdy,* for appellants.

*Hall & Tautges, Bessesen & Bessesen* and *Gale P. Hilyer,* for respondent.

HOLT, J.

In this action, upon a written contract, a verdict was rendered for plaintiff. Defendant's motion for a new trial was denied and it appeals.

Plaintiff is doing business as a sales agent. Her husband is the manager. Defendant, a corporation, on December 24, 1915, owned a stock of goods and fixtures at Brookings, South Dakota, when plaintiff, by written contract, undertook to conduct a "quitting business" sale of the same for defendant, the compensation to be 6 per cent of the gross amount of the sales. Pursuant to the terms of the contract, sales were advertised and had up to the twenty-sixth day of February, 1916. Plaintiff claims that then a second contract was entered into terminating the first, but continuing the employment. Under the terms of the second instrument, signed by defendant's president and delivered to plaintiff,

the latter was to receive as compensation 4 per cent instead of 6, if an exchange or sale of the goods and fixtures was made, and this even though the deal was made by defendant without plaintiff's aid. As a part of that second contract, plaintiff executed and delivered to defendant's president a written document terminating the first agreement. An exchange was made about March 4, 1916, the value of the property thereby disposed of being $43,700. If the second writings ever took effect as a contract, no other result could be arrived at than a recovery in the amount of the verdict rendered, unless the defense of fraud was available under the pleading. The answer alleged, that the second document was executed and delivered by the president of defendant upon the express understanding that it was not to take effect, as a contract, until the two other stockholders of defendant gave their assent; that these stockholders refused their assent; that the signature of defendant to the contract was obtained by means of fraudulent representations; and that there was no consideration. The court submitted the issue of conditional delivery only, holding that fraud was not sufficiently pleaded, and that, if the second contract took effect, there was a legal consideration.

The assignments of error are numerous, but we do not feel called upon to notice the ones not discussed by appellant. The one most urgently pressed upon our attention relates to the court's charge. A certain latitude as to form and expression of a charge is necessarily left to the trial court. The purpose of a trial is to do justice between the litigants. The court as well as the jury has a part to perform in attaining it. It is not amiss, at times, to explain the reasons that called legal rules into being. It may give the jury a clearer view of the issues to be determined by them. Neither is the court prohibited from directing the jury to consider certain evidence in passing upon a particular issue, so long as the jury are permitted to determine the issue according to their own judgment. State v. Rose, 47 Minn. 47, 49 N. W. 404. A mere verbal inaccuracy in the charge does not call for a new trial, where no effort was made to direct the court's attention to it at the time, and it is apparent that had attention been called thereto a correction would likely have followed. Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, and cases cited under section 9798, Dunnell, Minn. Dig. and 1916 Supp. We therefore see no impropriety in calling attention to the rule that the terms

of a written contract are not to be contradicted by oral testimony of what the parties said during the negotiations leading up to its execution, and stating the reasons for the existence of the rule. The defense submitted to the jury came in under an exception to the rule, and was thus re- ferred to by the court. But we fail to find any suggestion in the charge that therefore the defense should be disfavorably viewed by the jury. The expressions "escape liability" and "repudiate this agreement," used in the charge, may not have been the most happy wording of the meaning sought to be conveyed; but they clearly come under the rule alluded to, of being inaccuracies of language not available upon appeal, unless the court's attention was directed thereto before the jury retired. The court did not give his opinion as to the effect of the payment of the $432, but the jury were told to consider what bearing it had upon the defense as- serted. Nowhere was there an intimation as to what inferences the jury were to draw from the evidence. We find nothing in the charge violating the procedure announced in such cases, cited by defendant, as: State v. Yates, 99 Minn. 461, 109 N. W. 1070; Taubert v. Taubert, 103 Minn. 247, 114 N. W. 763; Valley Lumber Co. v. Smith, 71 Wis. 304, 37 N. W. 412, 5 Am. St. 216; Coman v. Wunderlich, 122 Wis. 138, 122 N. W. 612.

The question of want of consideration, we apprehend, could not be a material issue; for, if the second contract was conditional, plaintiff had no cause of action; if not conditional, the instrument given defend- ant, as well as the one given plaintiff, recites a good and valid con- sideration.

Complaint is made of rulings which prevented defendant from show- ing, on the cross-examination of plaintiff's husband and her witness Boelker, the extent of their pecuniary interest in the claim litigated. The trial court observed that the husband's interest was apparent. This was so, because as a husband he would naturally take as much interest in his wife's business as if it were his own, and, in this instance, he alone managed and conducted the business for his wife. The witness Boelker frankly stated that he had an agreement to share in the pro- ceeds and offered to state what the agreement was. This did not suit counsel, but he insisted upon some approximate amount. The witness said there were items of expenses to be taken into consideration, and

he had not computed what his share might be. Counsel had pursued the inquiry as to the interest of this witness to quite an extent, against the persistent objections of plaintiff. The court might well have required a final categorical answer as to the probable amount. But this was discretionary (Gracz v. Anderson, 104 Minn. 476, 116 N. W. 1116), and we fail to see an abuse of discretion.

The telegram, sent to plaintiff on March 7, 1916, stating: "Deal pending if concluded will you accept eight hundred forty-two dollars commission as agreed yesterday wire answer," was properly received. It inferentially refutes the claim now made by defendant that the first contract was canceled by the payment of $432, and that the second never took effect. The admission of this telegram cannot offend against the well known rule that offers of compromise may not be proven against a litigant; for, under the testimony of plaintiff, there had, up to the time of the receipt of the telegram, been no suggestion by the defendant that the second contract was not a binding obligation. At any rate, there was no reversible error in the ruling; for, after defendant's counsel had elicited from Mr. Ellis an explanation of the sending of the telegram, he himself offered it in evidence together with plaintiff's answer.

Error is assigned upon the ruling that the answer was insufficient to admit testimony to show that the contract was obtained through misrepresentation and fraud. Defendant alleged that the signature to the second contract "was obtained by fraudulent concealment of material facts by the plaintiff * * * and that the same was obtained by false and fraudulent misrepresentations made by the plaintiff and her authorized agent concerning the facts of the termination of said sale, by mutual agreement between the plaintiff and this defendant, and alleges that if said F. M. Ellis had been aware of the facts, and not laboring under a mistake of fact induced by the said fraudulent concealment and misrepresentations by the plaintiff and its manager, W. W. Flick, said Ellis would not have signed the same." Defendant seems to admit in his brief that the allegations are insufficient, but contends that evidence of the fraudulent misrepresentations should have been admitted to throw light on other issues. On the oral argument, it was insisted that the pleading was sufficient to let in the defense under the decision of Shaw v. Staight, 107 Minn. 152, 119 N. W. 951, 20 L.R.A.(N.S.) 1077. We

think the cases not parallel. In the case cited it was alleged that the officers of a corporation fraudulently and unlawfully issued shares of its capital stock to defendants without consideration. For officers of a corporation to issue its shares of stock gratis is a sufficient statement of fact to constitute fraud in law. The general rule is well established that, if a cause of action or defense is to be predicated upon fraudulent representations, the representations must be set forth in the pleading. Cummings v. Thompson, 18 Minn. 228 (246); Kraemer v. Deustermann, 37 Minn. 469, 35 N. W. 276; Johnson v. Velve, 86 Minn. 46, 90 N. W. 126; Loveland v. Gravel, 95 Minn. 135, 103 N. W. 721; section 669, Dunnell, Minn. Pl. But, even were defendant's contention correct that fraud is sufficiently alleged, or that the allegation thereof in general terms could only be taken advantage of by demurrer or by motion, before trial, to make the pleading more specific, it is not in a position, we think, to ask for a new trial in this court. Neither by offer of proof nor in the offer to amend the answer did it indicate wherein the fraud or misrepresentations consisted. Unless it is made to appear that there probably is a meritorious defense on the ground of fraudulent representations, the parties should not be put to the expense of another trial.

A careful examination of the errors assigned and discussed fails to reveal any valid legal ground for granting a new trial.

Order affirmed.