## N. J. WHITNEY v. DONNA JEAN CLOW AND OTHERS.[1]

February 26, 1937.

No. 31,038.

*J. O. Peterson* and *Meighen, Knudson & Sturtz,* for appellants.
*Ostrander & Fullerton* and *Elmer R. Peterson,* for respondent.

LORING, JUSTICE.

This is an appeal from a decision of the district court of Free-born county adjudging that the issues presented by the pleadings were litigated in a former action and that the judgment entered therein was *res adjudicata* as to the issues here presented.

Charlie E. Clow died January 19, 1934. February 21, 1934, plaintiff, the administrator of the Clow estate, commenced an action against these defendants to cancel a certain quitclaim deed dated December 14, 1933, which had been given to defendant Donna Jean Clow by Charlie E. Clow before his death. It is claimed by plaintiff herein and found by the court that that action was broad enough in its scope to be regarded as an action to determine adverse claims

[1]Reported in 271 N. W. 589.

or to quiet title. The property here involved was included in the deed there specifically described. The ground for cancellation was that the deed had been obtained by fraud, misrepresentation, and undue influence. The complaint alleged that Charlie E. Clow:

"At the time of his death still was the exclusive fee simple owner of the following described lands. * * * Plaintiff, as administrator aforesaid, is entitled to the immediate possession of all the above described real estate * * * and that said defendants Arthur F. Clow and Donna Jean Clow have not any rights whatsoever by reason of the purported execution of said deed."

In that complaint the prayer for relief asked:

"(a) That it be adjudicated that the above named decedent was at the time of his death the exclusive owner in fee simple of all the real estate and premises above described.

"(b) That the alleged deed or writing above described from said decedent to said defendant, Donna Jean Clow, be declared void and canceled.

"(c) That none of the above named defendants have any right, title, estate, interest or lien in said real estate and premises except as to mortgages of record, * * *."

Defendants' answers in that action each contained the following allegations:

"The answering defendant alleges that she is now and has been at all times since the 14th day of December, A. D. 1933, the owner in fee simple of all the lands and premises described in said complaint by virtue of a deed executed and delivered to the answering defendant by the said Charlie E. Clow on said date."

The verdict of the jury determined that Charlie E. Clow had not sufficient mental capacity to execute the deed in question and that it was procured by undue influence exercised by the two answering defendants. The judgment in that action read:

"Said Charlie E. Clow was, at the time of his death, and long prior thereto, the exclusive fee simple owner of all of the above described real estate and premises."

The present action was one to quiet title to the same premises. Defendants set up another deed to part of the land, dated December 4, 1933, and claimed title thereunder. In reply plaintiff pleaded that the judgment in the former action was *res adjudicata* as to the issue here presented. The question was determined against defendants.

If the former action was one to quiet title the decision of the trial court must be affirmed. Defendants maintain that because the complaint in the former action did not allege that the premises were vacant or the plaintiff was in possession that that action could not have been one to quiet title under the statute. 2 Mason Minn. St. 1927, § 9556.

Defendants' position is not well taken. In their answers to the former action defendants set up their claim of title. They therefore waived any objection they might have had that the complaint did not allege possession in plaintiff or that the lands were vacant. As said in Mitchell v. McFarland, 47 Minn. 535, 50 N. W. 610:

"When in an action under the statute to determine adverse claims to real estate, the defendant sets up in his answer his own claims to the real estate, he waives the objection that the land is not vacant, or the plaintiff not in possession."

In our opinion, the allegations of the complaint set forth above were sufficient to support an action to determine adverse claims under the statute. The issues were litigated and judgment entered. As well stated by the trial court in its able memorandum:

"The former action having been an action to try title, and it having been tried on the merits between the same parties who present the issues in the present case and the issue being the same * * * as in the former case, it would seem that the former adjudication is conclusive of the issues here presented and is a bar to a retrial of such issues. The issues are the same and the parties framing the issues are the same and are adverse parties in both actions."

See White v. Hewitt, 119 Minn. 340, 138 N. W. 421; Kinzel v. Boston & Duluth Land Co. 124 Minn. 416, 145 N. W. 124; Cronan v. Wolfe, 138 Minn. 308, 164 N. W. 1018.

Affirmed.

MR. CHIEF JUSTICE GALLAGHER, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.